FILED
CLERK, U.S. DISTRICT COURT
5/23/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00124-MWF |
|---|---|
| Plaintiff, | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| PHILIP JAMES LAYFIELD, aka Philip Samuel Pesin, | |
| Defendant. | **CURRENT TRIAL DATE:** May 29, 2018 |
| | **~~PROPOSED~~ TRIAL DATE:** August 14, 2018 |

Following a review of the record, and appearances and representations of the parties as reflected on the record, the Court hereby finds that:

1. The Indictment in this case was filed on March 9, 2018. Defendant first appeared before a judicial officer of the Court in which the Indictment in this case was pending on March 23, 2018. On March 23, 2018, the Court set a trial date of May 15, 2018.

2. Defendant is detained pending trial.

3. During an April 25, 2018, status conference in this case, defendant requested that he proceed *pro se*. After a hearing, the

1  Court granted defendant's request to represent himself and relieved
2  the Office of the Federal Public Defender as counsel of record.  The
3  Court also granted defendant's request for appointment of standby
4  counsel, an investigator, and a paralegal.  The Court on its own
5  motion then continued the trial from May 15, 2018 to May 29, 2018.
6       4.   On May 2, 2018, this Court held a status conference during
7  which Anthony Solis sought appointment as defendant's counsel of
8  record, in lieu of defendant continuing *pro se*.  Mr. Solis stated
9  that he would not be ready for trial on May 29, 2018, that he needed
10 time to prepare for trial, and that he and his client wanted to
11 continue the trial for approximately 90 days beyond May 29, 2018.
12      5.   The Indictment in this case charges defendant with a
13 violation of 18 U.S.C. § 1341: Mail Fraud, and a violation of 18
14 U.S.C. § 1956(a)(1)(A)(i): Money Laundering.  The government has
15 represented that it has produced discovery including over 20,000
16 pages of bank records, witness statements and other documents, and
17 that the evidence includes over 50 witnesses and documents related to
18 at least three proceedings, before the State Bar and before the
19 Bankruptcy Court, that relate to and help prove defendant's misuse of
20 his former firm's client trust account.  The government has also
21 represented that some of the government's evidence contains personal
22 identifying information, some in the form of medical records for
23 defendant's former personal injury clients, that would be too
24 burdensome to effectively redact and which the government has
25 proposed be produced subject to a protective order that defendant has
26 to date not signed.  The government also represented on the record,
27 in defendant's counsel's presence, that the government prepared and
28 submitted weeks ago to defendant's counsel, for defendant's

signature, a proposed Speedy Trial Act stipulation that defendant has refused to sign. That stipulation included reference to defendant's counsel's conflicts with other trials such that defendant's counsel could not effectively represent defendant and be ready for trial in this matter if trial were not continued to August 14, 2018.

Accordingly, the Court concludes that:

6. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 1, 2018.

7. Defense counsel will not have the time that he believes is necessary to prepare to try this case before June 1, 2018.

8. Additional time is necessary to allow defense counsel to effectively confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

9. Failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. The government does not object to a continuance of trial.

11. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

12. Continuing the trial to August 14, 2018 is a reasonably short period of time, taking into account, among other things, the nature of this case, the need for the parties' thorough review of

1  discovery, and the need to promote respect for and the integrity of
2  the trial court system.
3       13.  For purposes of computing the date under the Speedy Trial
4  Act by which defendant's trial must commence, the time period of May
5  29, 2018 to August 14, 2018, inclusive, should be excluded pursuant
6  to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv)
7  because the delay results from a continuance granted by the Court on
8  the basis of the Court's finding that: (i) the ends of justice served
9  by the continuance outweigh the best interest of the public and
10 defendant in a speedy trial; (ii) failure to grant the continuance
11 would be likely to make a continuation of the proceeding impossible,
12 or result in a miscarriage of justice; and (iii) failure to grant the
13 continuance would unreasonably deny defendant continuity of counsel
14 and would deny defense counsel the reasonable time necessary for
15 effective preparation, taking into account the exercise of due
16 diligence.
17 Dated: May 23, 2018

_____
Hon. Michael W. Fitzgerald
U.S. District Judge