NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/4849
     Facsimile: (213) 894-6269
     E-mail:    mark.aveis@usdoj.gov
                eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-124-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S APPLICATION FOR BAIL REVIEW |
| v. | |
| PHILIP JAMES LAYFIELD, aka Philip Samuel Pesin, | Hearing date: June 6, 2018 Time: 11:00 a.m. |
| Defendant. | |

The government, by and through its counsel of record, the United States Attorney for the Central District of California, hereby supplements its response (Dkts. 34, 38) to defendant Philip Layfield's application for bail review (Dkt. 33).

I.    HOMESTEAD EXEMPTION

At the conclusion of the initial bail review hearing, the Court directed the government to provide authority for the government's assertion that a homestead exemption may bar the government's effort

to enforce its bond liens.  In summary, Delaware, unlike California, has a homestead exemption but it applies only in bankruptcy cases. The exemption would not seem to impair the government's right to execute on its bond liens should defendant violate his conditions of release.

Del. Code Ann. Tit. 10, § 4914 (West) provides in relevant part:

> (a) In accordance with § 522(b) of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 522(b)), in any bankruptcy proceeding, an individual debtor domiciled in Delaware is not authorized or entitled to elect the federal exemptions as set forth in § 522(d) of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 522(d)) and may exempt only that property from the estate as set forth in subsection (b) of this section.
>
> (b) In any federal bankruptcy or state insolvency proceeding, an individual debtor domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate, in addition to the exemptions made in this subsection and in § 4915 of this title, personal property and/or equity in real property, other than the debtor's principal residence having an aggregate fair market value of not more than $25,000.
>
> (c) In any federal bankruptcy or state insolvency proceeding, an individual debtor and/or such individual's spouse domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate, in addition to the exemptions made in subsection (b) of this section and in § 4915 of this title, the following:
>
> > (1) *Equity in real property or equity in a manufactured home (as defined in Chapter 70 of Title 25) which constitutes a debtor's principal residence in an aggregate amount not to exceed $75,000 in 2010, $100,000 in 2011, and $125,000 thereafter, except that the exemption for persons totally disabled from working or married persons where at least 1 of the spouses is 65 years old or older shall be $125,000 effective immediately . . . ."*

(emphasis added.)

At least in the bankruptcy context, the applicable Delaware statute has been referred to as a "homestead exemption."  In re Neitzelt, 387 B.R. 649, 650 (Bankr. D. Del. 2008) ("The Debtors have

3

claimed as exempt from the bankruptcy estate . . . $50,000 of equity . . . under Del. Code Ann. tit. 10, § 4914(c), which provides for what is colloquially referred to as the homestead exemption . . . .").

By contrast, California law permits a homeowner to protect equity in a *declared* homestead up to a specific homestead exemption amount in a non-bankruptcy context, even in the case of a consensual lien like a trust deed. See, e.g., In re Kelley, 300 B.R. 11, 18 (B.A.P. 9th Cir. 2003) ("The declared[1] homestead exemption also provides certain additional benefits to the judgment debtor; e.g., exempt proceeds from a voluntary sale are protected[] [s]ee Cal.Civ.Proc.Code § 704.960."). There is no similar, non-bankruptcy homestead exemption in Delaware.[2]

Thus, the proffered sureties may prevent the taking of the amount of their homestead exemptions in bankruptcy, but the proffered sureties would not be able to stop the government if it were to seek to foreclosure for breach of defendant's bond terms. 11 U.S.C. § 522(f); In re Pike, 243 B.R. 66, 73 (B.A.P. 9th Cir. 1999).

## II.   WAIVER OF EXTRADITION

The Court also inquired whether defendant's offer to waive

---

[1] The automatic homestead exemption, as opposed to the declared homestead exemption, does not protect equity that may be subject to execution pursuant to a consensual deed of trust. Cal. Code of Civil Procedure § 703.010(b); In re Anderson, 824 F.2d 754, 756 (9th Cir.1987); In re Mulch, 182 B.R. 569, 573 (Bankr. N.D. Cal. 1995).

[2] The government further confirmed this conclusion in a June 12, 2018 interview of Delaware attorney and Delaware-registered agent, James Landon.

extradition as to Costa Rica would be enforceable.  The government conferred with subject matter experts at the Department of Justice's Office of International Affairs ("OIA"), and was advised:

    1)  This would be a novel issue with respect to Costa Rica, as OIA does not have any experience with a "waiver of extradition" process in that country;

    2)  A Costa Rican court likely would want to conduct its own inquiry as to any sort of waiver, and the government lacks expertise or information from which to determine, at this point, whether such a waiver would be enforceable;

    3)  If defendant has any claim to Costa Rican citizenship, or residency, Costa Rica may not extradite him.  Thus, even if there is a process in Costa Rica whereby defendant could consent to waive extradition, the prohibition against extraditing citizens may supersede the agreement.

    4)  Even if defendant signed a waiver, and the waiver were enforceable, defendant would still have to be arrested in Costa Rica which, depending on any arrest efforts, would involve foreign resources and might be dangerous in any event.

In view of this information, the government does not believe a "waiver of extradition" provides sufficient assurance that defendant will not flee.  As it stands, it appears that if defendant were to flee to Costa Rica, the government would face significant hurdles in ensuring his return.

///
///
///

III. CONCLUSION

For the reasons set forth herein and in the government's initial bond filing (Dkt. 34) and its amended bond filing (Dkt. 38), the government submits that defendant's application for bail review should be denied.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

Dated: June 14, 2018          /s/
MARK AVEIS
EDDIE A. JAUREGUI
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

6