NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/4849
     Facsimile: (213) 894-6269
     E-mail:    mark.aveis@usdoj.gov
                eddie.jauregui@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-124-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S WITNESS STATEMENTS/SECOND SUPPLEMENTAL RESPONSE IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S APPLICATION FOR BAIL REVIEW |
| v. | |
| PHILIP JAMES LAYFIELD, aka Philip Samuel Pesin, | |
| Defendant. | Hearing date: June 18, 2018<br>Time: 1:30 p.m. |

The government, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits the attached witness statements (sent to government counsel the morning of June 15, 2018) in further support of its response (Dkts. 34,38, 39) to defendant Philip Layfield's application for bail review.  (Dkt. 33.).

///

I.  SUMMARY OF WITNESS STATEMENTS AND RECENTLY FILED PERSONAL INVOLUNTARY BANKRUPTCY CASE AGAINST DEFENDANT

The attached statements are from individuals whom defendant hired to help him relocate to Costa Rica.  One of the individuals, R.M., a citizen of India, was the individual depicted in the video played by the government during the initial bail review hearing and marked and received as Exhibit 2.  Among other things, R.M.'s statement indicates that defendant used R.M. to sequester and destroy evidence to negatively affect the bankruptcy proceeding involving defendant's former firm.  In that matter, numerous former clients sought to recover settlement funds fees owed them that were deposited into the IOLTA account solely controlled by defendant and his wife.  The bankruptcy proceeding is ongoing, as is a recently-filed bankruptcy case *against defendant personally*.  In re Philip Layfield, U.S. Bankruptcy Court, CDCA, no. 18-BK-15829-NB, filed May 21, 2018 (Dkt. 1).  That matter is based on an alleged approximately $5.6 million debt that is, in part, based upon a judgment against defendant for $4,488,154.  In that matter, defendant may also be called upon to produce documents to the interim trustee, including statements of his financial affairs.  The evidence thus shows that, if out of custody, defendant may continue to sequester or destroy evidence that, thereby, would negatively affect at least the economic interests of others.

R.M. also stated that defendant threatened him several times, including one time mentioning use of a shotgun.

The attached statement by witness J.M. corroborates that of witness R.M. regarding defendant's apparent propensity to threaten

3

physical abuse to intimidate others to take action on defendant's behalf or to dissuade them from taking action that may negatively affect defendant.  J.M.'s statement further mentions defendant's potential offshore bank accounts to which defendant could have access to facilitate both flight and to cause harm to J.M. and his family.

II.   CONCLUSION

The totality of the evidence shows that there are no conditions nor any combination of conditions that can reasonably assure defendant's future appearances and to protect the safety of any other person and the community.  Thus, the government submits that defendant's application for bail review should be denied.

Dated: June 15, 2018

Respectfully submitted,
NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

　　　　/s/
MARK AVEIS
EDDIE A. JAUREGUI
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

April 2017

1) Mr. Todd Waked field informed me that, Layfied and Barrett are in Bankruptcy court, and all the data on the server should be secure and should be in the country, Philip Layfield ordered to me that all we have to move all the servers to Costa Rica. when we moved the server to Costa Rica, Phil asked me to delete all the server and user profile, which included Master file server.

November 2017

2) I and my team members were working in Phil house and Office in Tamarindo Costa Rica, around 6 pm we went from office to his house to drop a ladder, my college Marion called Phil's house worker, to return the ladder, Mario, and houseworker where talking, and I was in the in the car.

For some reason, Phil got angry and started screaming at me, and he said if he had a shotgun, he could have shot me.

November 2017

3) Phil started harassing me when Kenny left maximum Legal Services, for example, Phil had some issue with his maid, so Phil called me at night and started abusing me.

January 2018

4) Philip Layfield did not pay me and my team salary for past 3 months, he uses to say that he will pay my team salary Via PayPal.

only once he transferred salary and then he fired them without paying them.

when I asked him to pay my salary he refuses to pay and fired me, later he called me and ask me to meet him in his office and return laptop and phone and collect my due salary.

when I met him he asked me to provide some password that I already provided him earlier.

when I asked to pay my dues he refused to pay, and he tried to hit me, and he also threatened he will destroy my carrier.

He also threatened me that, I should not contact any authorities which included USA officials, Indian official or Costicarician official.

Philip Layfield should not be released on bond as I feel he poses a direct danger to my family and especially me.

When I first met Philip Layfield he seemed nice and presentable. At the time, I had heard the many stories of him lashing out at employees, but it wasn't until I got to know him that I found those stories to be 100% true. I am one of the few that was able to get close to him; having dinner at his home in Coto de Caza as well as traveling with him to Costa Rica. I got to see that dangerous side of him; lashing out at me violently many times, threatening me, degrading me and almost being physically abusive towards me.

It would be a major mistake to release Philip Layfield on bond because I am witness to being copied on emails that he wrote that state he has several millions of dollars in a bank account in the British Virgin Islands. The emails where for the purpose of establishing the legal paperwork of maximum legal costa Rica.

My fear is that if he gets released he will skip out of the country live comfortably with those several millions of dollars and come directly against me because I live in Costa Rica where hitman cost an average of $200 dollars.

My fear for my life and my family's is genuine. I still have faith in God and in the U.S. Justice system and deserve the piece of mind in knowing no reprecussions towards my family, or myself will arrive from Philip Layfield being released.

*[signature]*

6-14-2018