NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4477/4849
    Facsimile: (213) 894-6269
    E-mail:   mark.aveis@usdoj.gov
               eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-124-MWF |
|---|---|
| Plaintiff, | JOINT STATEMENT RE PROPOSED BOND CONDITIONS FOLLOWING HEARING ON DEFENDANT'S APPLICATION FOR BAIL REVIEW |
| v. | |
| PHILIP JAMES LAYFIELD, aka Philip Samuel Pesin, | Hearing date: June 18, 2018 Time: 1:30 p.m. |
| Defendant. | |

The parties have met and conferred and, following the Court's direction, hereby propose the following terms and conditions (and provide their objections, where appropriate):

1. [Govt. Proposes]: Defendant shall not counsel, advise, or provide any kind of legal advice to anyone other than his immediate family, and shall not represent anyone in any proceeding in any jurisdiction.

[Defense Proposes]: Defendant shall maintain employment as

directed by Pretrial Services.

[Government Response]: While defendant has been suspended from practicing law in California, and may be disbarred, defendant is an active member of the District of Columbia bar.  The government remains concerned, as evidenced by the information submitted regarding witness/client S.J., that defendant may seek to continue to do the very thing that is alleged in the indictment, namely, to embezzle client settlement funds.  Accordingly, at the least, barring defendant from practicing law as a bond condition is reasonable.

2.   [Government Proposes]: Defendant shall not contact any client or former client of Layfield & Barrett APC, Maximum Legal [or any permutation or business with that prefix] with which defendant was or is associated, or any client or former client of any lawyer or firm that was associated with defendant or any of the former firms with which he was associated.

[Defense Proposes]: Avoid all contact, directly or indirectly, including by electronic means, with any person who is a known victim or witness in the subject investigation or prosecution (the boilerplate language on the CR-4 form).

[Government Response]: The government does not believe defendant's proposal is sufficiently broad.  There may be individuals who are presently not a victim or witness and may become so.

3.   [Government Proposes]: Defendant shall not contact any witness in this case for any of the matters that may relate to item #2, above.

3

[Defense Proposes]: Avoid all contact, directly or indirectly, including by electronic means, with any person who is a known victim or witness in the subject investigation or prosecution (the boilerplate language on the CR-4 form).

[Government Response]: As indicated above, *known* witnesses are a category of individuals whom defendant should not contact.

4. Defendant shall participate in a Location Monitoring Program and abide by all the requirements of the program. (See CR-4 form, bottom of page 2).

[Government Proposes]: Defendant should be restricted to his residence at all times, except for medical needs or treatment, attorney visits, court appearances, and child care, all of which must be pre-approved by the Pretrial Services Agency (see CR-4 form top of page 3).

[Defense Proposes] No restriction beyond Location Monitoring unless Pretrial Services deems a curfew appropriate, in its discretion.

5. Defendant's shall surrender his passport to the custody of the government and defendant shall execute a declaration that he has not sought and will not seek another passport.

6. Defendant's wife, Christine Layfield, shall surrender her passport and that of defendant's minor child to the custody of the government and defendant's wife shall execute a similar declaration for her and their child.

7. Defendant shall obey all laws, federal, state, and local of any kind.

8. Defendant shall not enter any port of entry or departure,

4

etc., except for Court- approved transit first obtained.

9. [Government Proposes]: Defendant shall not practice accountancy and not provide accounting advice to anyone other than his immediate family.

[Defense Proposes]: Defendant shall maintain employment as directed Pretrial Services.

10. Defendant shall maintain or actively seek employment and provide proof to Pretrial Services Agency. Employment to be approved by Pretrial Services.

11. Defendant shall not use, own, or possess any financial account of any person other than associated with himself, his wife, or their minor child.

12. Sureties:

[Defense Proposal]:

   A. Affidavits of Sureties fully justified by real property as follows:

      i. By David C. Layfield and Mary L. Layfield, deeding a $100,000 interest in the real property located at 115 Millers Run, Millsboro, DE 19966; [Defense proposes]: in order to avoid undue delay in obtaining appraisals, the defense proposes that these sureties deed a $100,000 interest in the subject property.

      ii. By Brent A. Layfield and Kimberly Reinohl, deeding a $100,000 interest in the real property located at 5005 Beverly Ln, Milton, DE 19968. [Defense proposes]: in order to avoid undue

      delay in obtaining appraisals, the defense
      proposes that these sureties deed a $100,000
      interest in the subject property.

  B. An unsecured affidavit of surety in the amount of
    $100,000 signed by James Layfield.

  C. An affidavit of surety secured by a $50,000 cash deposit
    by Steve Massas.

[Government Response]: The Court made clear that those parties who have agreed to pledge their real property must pledge *all* equity without reservation.  This issue arose because two of the proffering sureties told the Pretrial Officer that they were not sure whether they intended to pledge all of their equity.  The government would object to a proffer of any less than all such equity being pledged (and subject to a review of bona fide appraisals to determine whether there would even be sufficient equity to justify bond). Next, only now has defendant indicated that, due to "undue delay" (without specificity), proper appraisals are not needed.  It is reasonable (and probably customary) for a defendant to obtain proper appraisals and title reports from which the parties and the Court can objectively determine the amount of equity.  And, pledging more than the available equity does not seem reasonable.  Next, at the initial bail hearing, the defense proffered that James Layfield would secure his signature bond with $100,000 cash to be deposited with the clerk of the court.  Then, at the second bail hearing, the evidence introduced showed that James Layfield would deposit $100,000 in cash, comprised of $22,000 on hand and the balance to be obtained via cash advances against his credit card(s).  Now, the

1  defense has modified those terms without the benefit of further
2  hearing and offered James Layfield's *unsecured* signature
3  bond and a cash deposit from another individual whose surety proffer
4  was not discussed at the second bail hearing.

```
                                Respectfully submitted,
                                NICOLA T. HANNA
                                United States Attorney
                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division
 Dated: June 20, 2018
                                       /s/
                                _____
                                MARK AVEIS
                                EDDIE A. JAUREGUI
                                Assistant United States Attorney
                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA


                                _____
                                ANTHONY SOLIS
                                Attorney for Defendant
                                PHILIP LAYFIELD
```