NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/4849
     Facsimile: (213) 894-6269
     E-mail:    mark.aveis@usdoj.gov
                eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>PHILIP JAMES LAYFIELD,<br>     aka Philip Samuel Pesin,<br><br>         Defendant. | No. CR 18-00124-MWF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>August 14, 2018<br><br>**PROPOSED TRIAL DATE:**<br>February 26, 2019 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Aveis and Eddie A. Jauregui, and defendant Philip James Layfield ("defendant"), both individually and by and through his counsel of record, Anthony Solis, hereby stipulate as follows:

1. The Indictment in this case was filed on March 9, 2018. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on March 23, 2018.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 1, 2018.

    2.    On March 23, 2018, the Court set a trial date of May 15, 2018.

    3.    The Court has ordered defendant released on bond.

    4.    The parties estimate that the trial in this matter will last approximately seven days.

    5.    One previous request to continue trial was made and approved, to continue trial to August 14, 2018.

    6.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.    Defendant is charged with a violation of 18 U.S.C. § 1341: Mail Fraud, and a violation of 18 U.S.C. § 1956(a)(1)(A)(i): Money Laundering.  The government has produced discovery to the defense, including over 20,000 pages of reports, legal records, bank and financial records, transcripts, and audio recordings.  The government anticipates producing additional discovery.

        b.    Defense counsel was appointed as counsel for defendant on May 2, 2018, although the court made the appointment nunc pro tunc to April 26, 2018.  (Dkt. 18.)

        c.    On May 2, 2018, defense counsel requested that the government re-produce discovery, which was previously produced to defendant's prior counsel, DFPD Nadine Hettle.  The government produced the discovery to defense counsel on May 3, 2018.

        d.    Defense counsel is presently scheduled to be in trial in at least the following matters over the coming months:

-<u>United States v. Gomez, et al.</u>, Case No. 16-cr-401-ODW, two defendant drug distribution conspiracy, 5 day trial set for 8/14/2018;

-<u>United States v. Kelly, et al.</u>, Case no. 15-cr-688-DSF, multi-defendant gang/RICO Prosecution, three week trial, set for 8/29/2018;

-<u>United States v. Mohabir, et al.</u>, Case no. 16-cr-542(A)-AB, two defendant bank fraud case, 5-7 day trial set for 9/11/2018

-<u>United States v. Harrison</u>, Case no 17-cr-680-GW, possession with intent to distribute methamphetamine, 5 day trial set to commence 9/11/2018;

-<u>United States v. Steven Jaemin Lee</u>, Case No. 17-cr-528-JAK, possession with intent to distribute controlled substances, aggravated identity theft, possession of stolen mail, 7 day trial set for 9/18/2018;

-<u>United States v. Chen, et al.</u>, Case No. 14-cr-152-MWF, multi-defendant credit card fraud scheme, 7 day trial set for 9/25/2018;

-<u>United States v. White, et al.</u>, Case No. 17-cr-103-DMG-4, four defendant prison assault case, 5 day trial set for 10/23/2018;

-<u>United States v. Vasquez, et al.</u>, Case no. 18-cr-244-JLS, three defendant conspiracy/fraud case, 5 day trial set for 1/15/2019;

-<u>United States v. Loza, et al.</u>, Case no. 16-cr-390-VAP, multi-defendant gang/RICO, VICAR prosecution, 3-4 week trial set for 1/29/2019 [likely continuing to July 2019];

-<u>United States v. Alvarez-Tostado</u>, Case No. 98-cr-508-GW, two week drug and money laundering conspiracy, trial set for 2/19/2019[Likely settlement].

1  Accordingly, defense counsel represents that he will not have the
2  time that he believes is necessary to prepare to try this case on the
3  current trial date.
4         e.    In light of the foregoing, counsel for defendant also
5  represents that additional time is necessary to confer with
6  defendant, conduct and complete an independent investigation of the
7  case, conduct and complete additional legal research including for
8  potential pre-trial motions, review the discovery and potential
9  evidence in the case, and prepare for trial.  Defense counsel
10 represents that failure to grant the continuance would deny him
11 reasonable time necessary for effective preparation, taking into
12 account the exercise of due diligence.
13        f.    Defendant believes that failure to grant the
14 continuance will deny him continuity of counsel and adequate
15 representation.
16        g.    The government does not object to the continuance.
17        h.    The requested continuance is not based on congestion
18 of the Court's calendar, lack of diligent preparation on the part of
19 the attorney for the government or the defense, or failure on the
20 part of the attorney for the Government to obtain available
21 witnesses.
22    7.    For purposes of computing the date under the Speedy Trial
23 Act by which defendant's trial must commence, the parties agree that
24 the time period of August 14, 2018 to February 26, 2019, inclusive,
25 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
26 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
27 continuance granted by the Court at defendant's request, without
28 government objection, on the basis of the Court's finding that: (i)

4

1  the ends of justice served by the continuance outweigh the best
2  interest of the public and defendant in a speedy trial; (ii) failure
3  to grant the continuance would be likely to make a continuation of
4  the proceeding impossible, or result in a miscarriage of justice; and
5  (iii) failure to grant the continuance would unreasonably deny
6  defendant continuity of counsel and would deny defense counsel the
7  reasonable time necessary for effective preparation, taking into
8  account the exercise of due diligence.

     8.   Nothing in this stipulation shall preclude a finding that
other provisions of the Speedy Trial Act dictate that additional time
periods be excluded from the period within which trial must commence.
Moreover, the same provisions and/or other provisions of the Speedy
Trial Act may in the future authorize the exclusion of additional
time periods from the period within which trial must commence.

     IT IS SO STIPULATED.

Dated: July 9, 2018              Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 MARK AVEIS
                                 EDDIE A. JAUREGUI
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

     I am Philip J. Layfield's attorney.  I have carefully discussed
every part of this stipulation and the continuance of the trial date
with my client. I have fully informed my client of his Speedy Trial
rights.  To my knowledge, my client understands those rights and

5

agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 26, 2018 is an informed and voluntary one.

_____          _____
ANTHONY M. SOLIS                        Date
Attorney for Defendant
PHILIP LAYFIELD

    I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 26, 2019.

_____          _____
PHILIP LAYFIELD                         Date
Defendant

agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 26, 2018 is an informed and voluntary one.

_____     7-30-18
ANTHONY M. SOLIS                      Date
Attorney for Defendant
PHILIP LAYFIELD

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 26, 2019.

_____     7/30/18
PHILIP LAYFIELD                       Date
Defendant