Anthony M. Solis, SBN 198580
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 - Phone
213-489-5923 - Fax
anthonysolislaw@gmail.com

Steven A. Brody, SBN 271616
Law Offices of Steven A. Brody
350 S. Figueroa Street, Suite 975
Los Angeles, CA 90071
213-290-5294
stevebrodylaw@gmail.com

Attorneys for Defendant
Philip Layfield

United States District Court

Central District of California

Western Division

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Philip Layfield,<br><br>    Defendant. | Case No: 18-cr-124(A)-MWF<br><br>Defendant Philip Layfield's Motion in Limine to Evidence of Client/ Victim Injuries; Memorandum of Points and Authorities.<br><br>Date: 6/8/2021<br>Time: 10:00 a.m.<br>Hon. Michael W. Fitzgerald<br>**Trial Date: August 10, 2021** |

    Defendant Philip Layfield, by and through counsel of record, Anthony M. Solis and Steven Brody, hereby moves the Court for an order precluding irrelevant and prejudicial information which the government may attempt to use at trial. This motion is based upon the attached Memorandum of Points and Authorities, the records and files in this case and upon such further oral or documentary evidence as may be presented on this motion.

---

Defendant Layfield's MIL to Preclude Evidence of Victim/Client Injuries

Dated: May 10, 2021

Anthony M. Solis
A Professional Law Corp.

*Anthony M. Solis /s/*
By: Anthony M. Solis,
Attorney for Defendant
Philip Layfield

Law Offices of Steven Brody

*Steven Brody /s/*
By: Steven Brody
Attorney for Defendant
Philip Layfield

**Memorandum of Points and Authorities**

Introduction

Philip Layfield is charged in a First Superseding Indictment (FSI) with wire fraud, mail fraud and various tax-related charges. As the Court is aware, the government alleges a wide-ranging conspiracy in which defendant Philip Layfield is alleged to have committed a broad wire and mail fraud scheme that he fleeced his law firm, firm clients, referring attorneys and cheated the government through tax evasion.

One of the aspects of the scheme alleged by the government in the FSI is that Layfield misappropriated funds from personal injury settlements of his firm's clients.[1] Necessarily, these are clients who suffered one injury or another. The nature and extent of their injuries are, of course, irrelevant to any issue at the trial in this matter, as are any consequences that any misappropriation of their settlement funds caused in any individual client's life. Thus, any such evidence should be excluded, since the presentation of any such evidence is not only irrelevant to any issue upon which the jury will be required to decide, but is also inflammatory and unduly prejudicial to the defendant.

This motion requests the exclusion of all evidence concerning Victim/Client injuries or the economic consequences of having their settlement funds misappropriated

    **A.  Evidence About Client Injuries/Costs is Irrelevant.**

Part of the government's allegations involve Mr. Layfield misappropriating funds from his law firm that were generated from personal injury cases. In some

---

[1] Some clarity is important here. This motion concerns former clients of Mr. Layfield's firm. Their particular physical injuries did not result from any action of Mr. Layfield. Instead, the government alleges they are "victims" of Mr. Layfield's fraud, which caused them to suffer an economic loss. There is no allegation that Mr. Layfield played any part in causing the physical injury which caused them to seek Layfield's firm's legal assistance.

cases, the personal injury resulted in verdicts or settlements in the millions of dollars. The injuries in some such cases were severe. The FSI alleges:

> Several of [Layfield & Barrett's] clients suffered catastrophic physical injuries, including brain damage, loss of a limb, or massive injuries to internal organs, together with financial losses including wage and future earnings, and pain and suffering, and were facing hundreds of thousands of dollars in medical expenses as a result of their injuries.

FSI (Dkt. 102) ¶ 7.

The jury will be asked to decide the following:

Whether Mr. Layfield committed a wire fraud in violation of 18 U.S.C. § 1343, (counts 1 through 22).

Whether Mr. Layfield committed a mail fraud in violation of 18 U.S.C. § 1344, (count 23).[2]

Whether Mr. Layfield committed tax evasion in violation of 26 U.S.C. § 7201, (count 26).

Whether Mr. Layfield willfully failed to withhold/pay over tax in violation of 26 U.S.C. § 7202, (count 27).

Whether Mr. Layfield willfully failed to file a tax return in violation of 26 U.S.C. § 7203 (count 28).

While a review of the Ninth Circuit jury instructions would be tedious here, there is no issue upon which the jury would need to evaluate (1) the injuries Layfield & Barrett clients suffered, or (2) the financial consequences suffered by victims as a result of any victim not receiving their settlement funds or not having their medical

---

[2] Counts 24 and 25 alleging a violation of 18 U.S.C. § 1028A (aggravated identity theft) were dismissed following a defense motion.

Defendant Layfield's MIL to Preclude Evidence of Victim/Client Injuries
4

liens resolved or paid.

In addition, the exclusion of any evidence regarding client injuries or financial consequences does not in any way inhibit the presentation of the government's alleged scheme as set forth in the FSI. Indeed, without evidence of injuries and economic consequences to victims, the government can still fully present its case about how Mr. Layfield allegedly "knowingly and with intent to defraud, devised, participated in, executed, and attempted to execute a scheme and artifice: (a) to defraud clients, Referring Attorneys, and certain lenders as to material matters; and (b) to obtain money and property from individuals and entities by of materially false and fraudulent pretenses, representations and promises, and the concealment of material facts." (FSI ¶ 21).

In short, specific evidence regarding client/victim injuries is irrelevant evidence.

### B. Information re Physical Injuries is Unduly Prejudicial.

As set forth in the FSI, some of the client/victims in this case suffered serious injuries. However, of course, there is no allegation that Mr. Layfield was the cause of any physical injuries to clients.[3] Even if relevant, the only possible reason to elicit evidence of any particular client's injuries would be to (1) evoke sympathy for the client/victim, or (2) inflame the passions of the jury against Mr. Layfield and have the case decided on their antipathy for Mr. Layfield.

### C. Information re Economic Consequences is Unduly Prejudicial.

While it is true that some client/victims suffered economic consequences as a result of not receiving their settlement funds, no such consequence bears on any issue the jury must decide. Indeed, client/victims who suffered severe consequences are no

---

[3] Even though not alleged, it is conceivable that the failure to receive settlement funds or have their medical bills paid may have caused mental distress or anxiety to some client. However, even if true, such "injury" would still not be relevant to any issue the jury will be asked to decide.

more or less victims of fraud than those who did not. The overall issue is whether Mr. Layfield made material omissions or misrepresentations to obtain their money or property, not the consequences of him having done so. The defense would concede that the offense, if proven, is the same if the clients suffered a great consequence or little to no consequence.

As with the testimony about injuries, any testimony about economic consequences is unduly prejudicial while being probative of no issue the jury is required to decide.

As such, all such testimony should be excluded.

## II.
## The Federal Rules of Evidence Command the Exclusion of the Proposed Evidence.

**A. Irrelevant Evidence.**

According to Federal Rule of Evidence 401:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence and

(b) the fact is of consequence in determining the action.

*Id. See also Old Chief v. U.S.,* 519 U.S. 172 179 (1997) and *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007)

The Ninth Circuit recognized in *Curtin, supra,* that:

> "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proven, or even strong evidence of the same. All that is required is a 'tendency' to establish the fact at issue. The Advisory Committee Notes to the 1972 Proposed Rules remind us that '[r]elevancy is not an inherent characteristic of any item of evidence, but exists only as a relation between an item of evidence and a matter

properly provable in the case. . . [t]he fact to be proved may be ultimate, intermediary, or evidentiary; it matters not, so long as it is of consequence in the determination of the action.

*Curtin, supra* at 943.

Even under this expansive definition of relevancy–one where the evidence just has to be "of consequence" in the determination of a "matter properly provable in the case"–evidence of any client's injuries is still irrelevant. Said differently: does the jury need to determine if a former client suffered a catastrophic brain injury and was not paid their settlement funds or if the client fully recovered, but still had their verdict or settlement funds misappropriated? The answer is clearly no.

**B. Exclusion of Relevant Evidence.**

Even assuming for the sake of argument that such evidence was probative of some material point, it would still need to be excluded as significantly more prejudicial.

Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger or one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." *Id.*

If a party seeks to exclude otherwise relevant evidence by claiming it is prejudicial, it must be *unfairly* prejudicial. The Ninth Circuit has found that:

'[U]nfair prejudice' refers to an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, on emotional one' or 'evidence that is designed to elicit a response from the jurors that is not justified by the evidence.'

*U.S. v. Ellis,* 147 F.3d 1131, 1135 (9th Cir. 1998)(internal citations omitted).

In *Ellis,* the defendant was charged with receipt and possession of stolen

Defendant Layfield's MIL to Preclude Evidence of Victim/Client Injuries
7

properly provable in the case. . . [t]he fact to be proved may be ultimate, intermediary, or evidentiary; it matters not, so long as it is of consequence in the determination of the action.

*Curtin, supra* at 943.

Even under this expansive definition of relevancy–one where the evidence just has to be "of consequence" in the determination of a "matter properly provable in the case"–evidence of any client's injuries is still irrelevant. Said differently: does the jury need to determine if a former client suffered a catastrophic brain injury and was not paid their settlement funds or if the client fully recovered, but still had their verdict or settlement funds misappropriated? The answer is clearly no.

**B. Exclusion of Relevant Evidence.**

Even assuming for the sake of argument that such evidence was probative of some material point, it would still need to be excluded as significantly more prejudicial.

Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger or one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." *Id.*

If a party seeks to exclude otherwise relevant evidence by claiming it is prejudicial, it must be *unfairly* prejudicial. The Ninth Circuit has found that:

'[U]nfair prejudice' refers to an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, on emotional one' or 'evidence that is designed to elicit a response from the jurors that is not justified by the evidence.'

*U.S. v. Ellis,* 147 F.3d 1131, 1135 (9th Cir. 1998)(internal citations omitted).

In *Ellis,* the defendant was charged with receipt and possession of stolen

Defendant Layfield's MIL to Preclude Evidence of Victim/Client Injuries

7

explosives; intent was not an element of the charge. The court framed the issue: "Ellis either knowingly had the devices in his possession or he did not." *Id.* The government sought (and obtained) testimony about Ellis' possession of *The Anarchist Cookbook*, which had materials about "drugs, revolutionary politics [and], sabotage." *Id.* at 1134. The district court admitted the book into evidence. The Ninth Circuit reversed Ellis' conviction finding "[a]ny probative value of the [book] was substantially outweighed by the danger of unfair prejudice from what the government concedes is a 'revolutionary' text and is therefore likely to elicit a response from jurors that causes them to reach a conclusion based on emotion rather than the evidence presented." *Id.* at 1136.

This is precisely the case with Mr. Layfield. While "intent" is an element of mail fraud and wire fraud (18 U.S.C. §§ 1341, 1343),[4] it is only the intent to defraud or, to obtain funds by a trick or a deception. This allegedly occurred long after the physical injuries–which Layfield did not cause–were suffered by the firm's clients. The only reason for the government to admit evidence of "brain damage," "massive injury to internal organs" or "loss of a limb" would be to arouse an emotional response from the jury, much like the government did in *Ellis* by admitting into evidence *The Anarchist Cookbook*. The admission of the book clearly was to get jurors scared about what Ellis might have done with the stolen explosives, which was not an element of the offense.[5] The Ninth Circuit overturned the defendant's conviction in *Ellis* because the district court admitted *The Anarchist Cookbook*, which was "unfairly prejudicial and had virtually no probative value to the actual charges Ellis faced." *Id.* at 1136.

---

[4]The tax counts do not concern the client injuries at all. Any relevance for such evidence would be in connection with the mail fraud and wire fraud counts.

[5]The *Ellis* Court did recognize that, had Ellis been charged with 18 U.S.C § 844(d) (transport of explosives with intent to kill, injure or intimidate, etc.), the book might have been relevant to demonstrate the intent element.

### C. Other grounds for Exclusion.

Aside from being irrelevant and unfairly prejudicial, the proposed evidence is fairly excluded on all the other grounds within Rule 403 offers: confusing the issues, misleading the jury, undue delay, waste of time and needlessly presenting cumulative evidence.

With regard to "confusing the issues" or "misleading the jury," presenting evidence of numerous former clients' serious injuries is not relevant to any issue the jury will be called upon to decide. Even if it were relevant, the jury might be confused as to what issues they are required to focus upon: the former client's injuries and their consequences, or whether Mr. Layfield devised a scheme to defraud them out of their funds. Similarly, placing several clients' injuries before the jury might mislead them as to whether they are supposed to evaluate the injuries and their consequences or whether Layfield is guilty of wire fraud and mail fraud. The presentation of multiple victims, their injuries and economic harms will inevitably prolong the trial onto a needless sidetrack.

### Conclusion

For the foregoing reasons, it is respectfully requested that the Court enter an order precluding all testimony at trial regarding the client/victim's injuries or the economic consequences of having had their funds misappropriated.

Dated: May 10, 2021

Anthony M. Solis
A Professional Law Corp.

*Anthony M. Solis /s/*
By: Anthony M. Solis,
Attorney for Defendant
Philip Layfield

Law Offices of Steven Brody

*Steven Brody /s/*
By: Steven Brody
Attorney for Defendant
Philip Layfield

---

Defendant Layfield's MIL to Preclude Evidence of Victim/Client Injuries
9