TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
IAN V. YANNIELLO (Cal. Bar No. 265481)
CAROLYN S. SMALL (Cal. Bar No. 304938)
Assistant United States Attorneys
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4477/3667/2041
    Facsimile: (213) 894-6269
    E-mail:   mark.aveis@usdoj.gov
              ian.yanniello@usdoj.gov
              carolyn.small@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-124(A)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TAKE A FOREIGN DEPOSITION |
| v. | |
| PHILIP JAMES LAYFIELD, aka "Philip Samuel Pesin," | Hearing Date: May 17, 2021<br>Hearing Time: 3:00 p.m.<br>Location: Courtroom of the Hon. Michael W. Fitzgerald |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Mark Aveis, Ian V. Yanniello, and Carolyn S. Small, hereby files its opposition to defendant Philip James Layfield's motion to take a foreign deposition.

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 11, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

　　　　　／s／
MARK AVEIS
IAN V. YANNIELLO
CAROLYN S. SMALL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

Defendant has moved to take the deposition of Denise Varela, a Costa Rican citizen. (Dkt. 236 ("Mot.").) According to defendant's proffer, Ms. Varela would testify as to steps she took to help defendant move permanently to Costa Rica, including helping him to register cars in his own name on a public registry and obtain home, business, and auto insurance policies. (Id. at 11-12 ("Solis Decl.") ¶¶ 2(a), (c).) Ms. Varela apparently would further testify about the general process for obtaining residency in Costa Rica --- though she did not actually assist defendant with that process --- and that she helped defendant's family with a number of insurance claims, "each of which required the filing of a police report and negotiations with an insurance company." (Id. ¶¶ 2(b), (c).)

As discussed below, defendant has failed to establish any exceptional circumstances that would warrant taking a foreign deposition, particularly at this late stage of the case. The proffered testimony falls far short of the type of critical evidence that might warrant taking a deposition in a criminal case. There is no dispute that defendant moved to Costa Rica; whether he did so openly, using his true name, as opposed to covertly, under a new identity, is irrelevant. In either case, it is no defense to embezzlement. Because the absence of irrelevant testimony would not result in an injustice, defendant's motion should be denied.

**II. LEGAL STANDARD**

"In criminal cases, depositions may be taken only in 'exceptional circumstances.'" United States v. Zuno-Arce, 44 F.3d 1420, 1424 (9th Cir. 1995) (quoting Fed. R. Crim. P. 15(a)).

Exceptional circumstances typically exist "when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice." United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998). Justice may require preservation of testimony if the testimony constitutes "crucial exculpatory evidence," id., or is "highly relevant to a central issue in the case," United States v. Drogoul, 1 F.3d 1546, 1556 (11th Cir. 1993). By contrast, courts have "good reasons" to deny a request to take a deposition when the anticipated testimony relates to issues that are "peripheral to the main issues," there is no evidence the proposed deponent would testify at a deposition, and the request is made close to trial without sufficient justification for the delay. See Zuno-Arce, 44 F.3d at 1424-25.

### III. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THE PROFERRED TESTIMONY IS NOT MATERIAL TO ANY CENTRAL ISSUE IN THE CASE

There are good reasons in this case to deny defendant's request to take a foreign deposition, including because the proffered testimony is not exculpatory or otherwise highly relevant such that the absence of the testimony would result in an injustice.

Zuno-Arce is illustrative. There, the Ninth Circuit affirmed the district court's denial of the defendant's motion to depose four witnesses in Mexico after the district court determined the defendant "made an insufficient showing that the witnesses would be unavailable to testify at trial, that they would testify to something relevant at depositions in Mexico, and that there was sufficient justification for making such a motion so close to trial." Id. The defendant in that case was charged with conspiring to kidnap, torture, interrogate and murder a DEA agent. Id. at 1422. The defendant had for years

2

owned the house where the agent was held, interrogated, and tortured, but he sold it a couple weeks before the kidnapping. Id. at 1424. The government attempted to bolster its case against the defendant "by connecting him with the house, and suggesting that the sale was a shame." Id. Three weeks before trial, the defendant moved for leave to depose four witnesses in Mexico who purportedly would testify "that the sale was bona fide." Id. The Ninth Circuit agreed with the district court that the circumstances did not warrant authorizing the foreign depositions, noting that evidence of the house sale "was peripheral to the main issues" and "[i]t did not really matter much whether the sale of the house was a sham." Id. at 1425. Moreover, "[n]one of the witnesses volunteered to testify at a deposition." Id.

Here, too, there are no exceptional circumstances that justify granting defendant leave to depose Ms. Varela. First, Ms. Varela's proposed testimony is irrelevant or, at best, minimally relevant to a peripheral issue; it is far from "crucial exculpatory evidence," Sanchez-Lima, 161 F.3d at 548, or evidence that is "highly relevant to a central issue in the case," Drogoul, 1 F.3d at 1556. Ms. Varela's proposed testimony is essentially that defendant did not attempt to hide his identity when establishing himself in Costa Rica. She apparently would testify, for example, that defendant used his true name and correct Costa Rican address to register his cars on a public registry, and he obtained insurance policies that required inspections of his business offices. (Solis Decl. ¶¶ 2(a), (c).) Nothing about this proposed testimony is exculpatory, or even directly relevant to the charges. The central issue in the case is whether defendant engaged in a scheme to defraud clients, referral

attorneys, and legal lenders by misappropriating funds owed to them. (See, e.g., Dkt. 102 (First Superseding Indictment) ¶ 21.) Defendant's move to Costa Rica is relevant to this issue because (1) defendant's misappropriation of funds included, among other things, using loan proceeds intended for litigation expenses to finance his move to Costa Rica (id. ¶ 22(c)(1)(d)); and (2) as part of his scheme, defendant concealed from his clients and referring attorneys his intent to close his law firm and move to Costa Rica, where he would be beyond the reach of creditors (id. ¶ 22(c)(2)(h)). The fact that defendant's move may have been open and notorious has no bearing on how he funded the move or whether he concealed from clients and other creditors his intent to move. Furthermore, evidence that defendant may not have been hiding from Costa Rican authorities and creditors does nothing to undermine the argument that his move to Costa Rica constituted an attempt to evade U.S. authorities and creditors. However "open, transparent, and legal" defendant's move may have been (Solis Decl. ¶ 3), it resulted in defendant placing himself beyond the subpoena power of any U.S. court, leaving his U.S. victims emptyhanded with no recourse to recover the money defendant stole from them. In other words, the issue is not that defendant moved to Costa Rica covertly; it is that he moved to Costa Rica at all.

Even more attenuated is Ms. Varela's anticipated testimony about Costa Rica's general residency process, her discussions with defendant about that process, and defendant's filing of police reports in connection with making insurance claims. (See Solis Decl. ¶¶ 2(b), (c)).) Ms. Varela apparently would not even testify that defendant in fact applied for residency, making testimony about the

process wholly irrelevant.[1]  (See id. ¶ 2(b).)  Indeed, because Ms. Varela would testify that the residency process "includes getting a criminal history clearance from one's own country" (id. ¶ 2(b)), and that defendant's family filed police reports in connection with insurance claims, it appears at least part of the purpose of Ms. Varela's testimony would be to introduce evidence that defendant has no criminal history and he and his family were victims of a crime.  Such facts are not only irrelevant, but also prejudicial.[2]

Not only is Ms. Varela's anticipated testimony irrelevant and potentially prejudicial, defendant has not shown that Ms. Varela would be available for a deposition and willing to testify.  See Zuno-Arce, 44 F.3d at 1425 (noting that it was appropriate for the district judge to focus on "whether the deponents would be available for deposition and willing to testify," among other factors).  Moreover, defendant has provided no justification for waiting until just a few months before trial to attempt to confirm Ms. Varela's willingness to testify at trial and make this request to depose her.  See id. at 1424-24 (no abuse of discretion to deny taking of foreign depositions when relevance of proposed testimony was minimal and motion was made close to trial).  Indeed, even if defendant's motion is granted, it is unlikely, as a practical matter, that the deposition could occur before the current trial date.  According to a

---

[1] Her discussions with defendant about the residency process would also be inadmissible hearsay.  Fed. R. Evid. 801, 802.

[2] In light of this proffered testimony, the government has filed a motion in limine to exclude evidence or argument tending to encourage jury nullification, including evidence relating to defendant's lack of criminal history or any reference to being a purported crime victim in Costa Rica.  (See Dkt. 241 (Government's Motion in Limine No. 1: To Exclude Improper References, Testimony, and Argument).)

5

representative from the Department of Justice's Office of International Affairs, it would likely take six months to a year for a deposition to occur in Costa Rica following the issuance of letters rogatory.

Defendant's reliance on Sanchez-Lima is misplaced (see Mot. at 5); the facts of that case are readily distinguishable. In that case, the defendant was charged with assaulting a federal officer. 161 F.3d at 546. The proposed deponents were eyewitnesses who would have testified that the alleged victim pistol whipped the defendant at the beginning of their encounter. Id. at 547. Such testimony was directly relevant and material to the defendant's self-defense theory, and thus the court held it was "in the interests of justice" to allow the depositions. Id. at 548. By contrast, in this case, evidence that defendant openly and transparently established residency in Costa Rica after engaging in a scheme to embezzle is no defense to his embezzlement.

In short, it does "not really matter much whether" defendant moved to Costa Rica covertly or openly; the point is that he moved. See Zuno-Arce, 44 F.3d at 1425. Moreover, there is no evidence Ms. Varela is willing to be deposed, and trial is just three months away. Accordingly, this is not a case where "because of exceptional circumstances" it is in the "interest of justice," Fed. R. Crim. P. 15(a)(1), to authorize defendant to take Ms. Varela's deposition.

//
//
//
//
//

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to depose Ms. Varela.[3]

---

[3] If defendant's motion is granted, the government has no objection to the issuance of letters rogatory, though, as noted above, that process is a lengthy one that likely would not be completed before the current trial date. In the event the motion is granted, and the deposition is completed before trial, the government respectfully reserves the right to object to the admission of the deposition testimony at trial. See Fed. R. Crim. P 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").