1  Anthony M. Solis, SBN 198580
   A Professional Law Corporation
2  23679 Calabasas Road, Suite 412
   Calabasas, CA 91302-1502
3  213-489-5880 - Phone
   213-489-5923 - Fax
4  anthonysolislaw@gmail.com

5  Steven A. Brody, SBN 271616
   Law Offices of Steven A. Brody
6  350 S. Figueroa Street, Suite 975
   Los Angeles, CA 90071
7  213-290-5294
   stevebrodylaw@gmail.com
8
   Attorneys for Defendant
9  Philip Layfield

10                     United States District Court

11                    Central District of California

12                          Western Division

13
   United States of America,        )   Case No: 18-cr-124(A)-MWF
14                                   )
            Plaintiff,               )
15                                   )   Defendant Philip Layfield's Motion
                                     )   in Limine to Preclude the Testimony re
16                                   )   California Rules of Prof. Conduct, Etc.;
        v.                           )   Memorandum of Points and
17                                   )   Authorities; Declaration
   Philip Layfield,                  )
18                                   )
            Defendant.               )   Date:  7/12/2021
19                                   )   Time: 10:00 a.m.
                                     )   Hon. Michael W. Fitzgerald
20 _____  )   **Trial Date: August 10, 2021**

21       Defendant Philip Layfield, by and through counsel of record, Anthony M.

22 Solis and Steven Brody, hereby move the Court for an order precluding the mention

23 of the California Rules of Professional Conduct or the discipline Mr. Layfield

24 suffered from the California State Bar. This motion is based upon the attached

25 Memorandum of Points and Authorities, the attached declaration of Anthony M.

26 Solis, the records and files in this case and upon such further oral or documentary

27 evidence as may be presented on this motion.

28

Layfield's Motion in Limine to Preclude Testimony re CA Rules of Prof Conduct, etc.

| | | |
|---|---|---|
| 1 | Dated: June 21, 2021 | Anthony M. Solis |
| 2 | | A Professional Law Corp. |
| 3 | | *Anthony M. Solis /s/* |
| | | By: Anthony M. Solis, |
| 4 | | Attorney for Defendant |
| | | Philip Layfield |

Law Offices of Steven Brody

*Steven Brody /s/*
By: Steven Brody
Attorney for Defendant
Philip Layfield

---

Layfield's Motion in Limine to Preclude Testimony re CA Rules of Prof Conduct, etc.

2

**Memorandum of Points and Authorities**

Introduction

Philip Layfield is charged in a First Superseding Indictment with an alleged scheme to defraud related to Mr. Layfield's law practice. Part of the First Superseding Indictment includes a discussion of the California Rules of Professional Conduct, specifically, the rules to which the attorneys in California must adhere.

As set forth below, the Court should preclude any testimony regarding (1) the California Rules of Professional Conduct; (2) whether Mr. Layfield violated any provision of the Rules of Professional Conduct; (3) The fact that Mr. Layfield was–after the transactions and occurrences set forth in the FSI–disbarred by the California State Bar and the District of Columbia Bar.

The basis for the exclusion of such testimony is Federal Rule of Evidence 403, *i.e.*, that such testimony would be confusing/misleading and more prejudicial than probative of any of the issues in this case. It relates to none of the tax counts and it has little to do with whether Mr. Layfield devised a scheme to defraud the firm's clients and/or referring attorneys.

**A. The FSI's Allegation re the California Rules of Professional Conduct.**

In paragraph 12 of the FSI, it is alleged that:

> Defendant LAYFIELD, and other L&B attorneys were subject to rules governing the practice of law, including then-applicable California Rule of Professional Conduct 4-100, et seq., entitled "Preserving Identity of Funds and Property of a Client," that mandated in pertinent part that:
>
> (A) All funds received or held for the benefit of clients by a member or law firm, including advances for costs and expenses, shall be deposited in on or more identifiable bank accounts labeled "Trust Account," "Client's Funds Account" or words of similar import, maintained in the State of California, or, with written consent of the client, in any other jurisdiction where there is a substantial relationship between the client and the client's business and the other jurisdiction. No funds belonging to the member or the law firm shall be deposited therein or otherwise commingled with except as follows:
>
> (1) Funds reasonably sufficient to pay bank charges.

> (2) In the case of funds belonging in part to a client and in part presently or potentially to the member or the law firm, the portion belonging to the member or law firm must be withdrawn at the earliest reasonable time after the member's interest in that portion of the trust funds becomes fixed. However, when the right of the member to receive a portion of the trust funds is disputed by the client, the disputed portion shall not be withdrawn until the dispute is finally resolved.
>
> (B) A member shall:
>
> (1) Promptly notify a client of the receipt of the client's funds, securities, or other properties.
>
> (2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
>
> (3) Maintain complete records of all funds, securities, and other property of a client coming into the possession of the member or law firm and render appropriate accounts to the client regarding them; preserve such records a period of no less than five years after the final appropriate distribution of such funds or properties; and comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar.
>
> (4) Promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive.

First Superseding Indictment ¶12.[1]

**B.     The Court Should Preclude Evidence Regarding the Rules**

The Rules of Procedure of the State Bar of California put the burden on the State Bar to produce evidence of culpability of a member by a standard of "clear and convincing evidence." Rules of Procedure, State Bar of California, Rule 5-103. This is, obviously, a lower standard of proof than "beyond a reasonable doubt"–the standard that the government in this case must demonstrate to the jury to establish

---

[1] On November 1, 2018 an entirely new set of Rules of Professional Conduct came into effect, superseding the old Rules which were effective September 14, 1992 through October 31, 2018.

Mr. Layfield's culpability.[2] Introduction of the Rules of Professional Conduct and the standards with which attorneys must comply, particularly as they relate to trust accounts, will likely be confusing to a jury. Indeed, an attorney can violate the Rules of Professional Conduct without engaging in a fraud scheme. A violation of the Rules–even if established–does not establish whether or not a crime was committed, whether a scheme to defraud was executed. Indeed, the relevant version of the Rules recognizes:

> These rules are not intended to create new civil causes of action. Nothing in these rules shall be deemed to create, augment, diminish, or eliminate any substantive legal duty of lawyers or the non-disciplinary consequences of violating such a duty.[3]

In Mr. Layfield's case, the government will likely establish that a Rules violation occurred, which, in fact, has been established by Mr. Layfield's default before the State Bar of California. The jury, however, should not be permitted to decide Mr. Layfield's criminal culpability by concluding that a Rules violation occurred.[4] The remedy is the exclude the Rules of Professional Conduct altogether and require that the government prove the wire fraud and mail fraud scheme irrespective of any violation of the Rules of Professional Conduct that may have occurred.

**C.     The Court Should Preclude Evidence Regarding Layfield's Disbarment.**

As the Court may be aware, Mr. Layfield's disbarments in California and the District of Columbia were not contested proceedings. In California, the matter

---

[2]The DC Bar disbarred Mr. Layfield based on reciprocity, i.e., solely based on his disbarment in California.

[3]Rules of Professional Conduct (eff. 9/14/92 - to 10/31/2018), Rule 1-100.

[4]In the government's motion to preclude irrelevant, prejudicial evidence, Dkt. 241, the government called Mr. Layfield's violation of the legal and ethical duties "systematic." p. 4

proceeded by default.[5] However, even had Mr. Layfield's proceedings been contested, the State Bar's burden of proof is one of "clear and convincing evidence." Rule 5.103. The jury should not be permitted to learn that an adjudicative body, e.g., the State Bar of California, already adjudicated Mr. Layfield's culpability in the State Bar matters. Such evidence would, in fact, create more questions than answers and could lead the jury to conclude his guilty based solely on his violation of an ethical rule. This would have the effect of lessening the burden of proof on the government.

In addition, such evidence would clearly be more prejudicial than probative of whether Mr. Layfield engaged in a fraud scheme.

## Conclusion

For the foregoing reasons, it is respectfully requested that the Court enter an order precluding the introduction of the California Rules of Professional Conduct, or the discipline Mr. Layfield received from either the California State Bar or the DC Bar.

Dated: June 21, 2021        Anthony M. Solis
                            A Professional Law Corp.


                            *Anthony M. Solis /s/*
                            By: Anthony M. Solis,
                            Attorney for Defendant
                            Philip Layfield




                            Law Offices of Steven Brody

---

[5]See *In the Matter of Philip James Layfield, A Member of the State Bar*, No. 204836 California State Bar Decision and Order of Involuntary Inactive Enrollment; Case No. 17-O-4040-1, Filed May 18, 2018.

1                      *Steven Brody /s/*

2                      By: Steven Brody

3                      Attorney for Defendant

4                      Philip Layfield

Layfield's Motion in Limine to Preclude Testimony re CA Rules of Prof Conduct, etc.

7