TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
IAN V. YANNIELLO (Cal. Bar No. 265481)
CAROLYN S. SMALL (Cal. Bar No. 304938)
Assistant United States Attorneys
       1100 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-4477/3667/2041
       Facsimile: (213) 894-6269
       E-mail:    mark.aveis@usdoj.gov
                  ian.yanniello@usdoj.gov
                  carolyn.small@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-124(A)-MWF |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: August 10, 2021 |
| PHILIP JAMES LAYFIELD, | Trial Time: 8:30 a.m. |
| aka Philip Samuel Pesin, | Location:   Courtroom of the Hon. |
| | Michael W. Fitzgerald |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central

District of California and Assistant United States Attorneys Mark

Aveis, Ian V. Yanniello, and Carolyn S. Small, and defendant PHILIP

JAMES LAYFIELD, by and through his counsel of record, Steven Brody

and Anthony Solis, hereby submit their Joint Proposed Jury

Instructions in the above-captioned case.  The parties respectfully

reserve the right to supplement these jury instructions as needed.

1

1     Unless otherwise noted, the parties have used the most recent

2  version (as of March 2021) of the Jury Instructions found on the

3  Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-

4  instructions/model-criminal.

5  Dated: August 3, 2021          Respectfully submitted,

6                                  TRACY L. WILKISON
                                   Acting United States Attorney
7
                                   SCOTT M. GARRINGER
8                                  Assistant United States Attorney
                                   Chief, Criminal Division
9

10                                 _____/s/_____
                                   MARK AVEIS
11                                 IAN V. YANNIELLO
                                   CAROLYN S. SMALL
12                                 Assistant United States Attorneys

13                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
14

15

16  Dated: August 3, 2021          ___/s/  (by telephonic authority)
                                   STEVE BRODY, ESQ.
17                                 ANTHONY SOLIS, ESQ.
                                   Attorney for Defendant
18                                 PHILIP JAMES LAYFIELD

19

20

21

22

23

24

25

26

27

28

**INDEX OF PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS** | | | |
| 1 | Duty of Jury | 9th Cir. 1.1 | 2 |
| 2 | What is Evidence | 9th Cir. 1.3 | 3 |
| 3 | What is Not Evidence | 9th Cir. 1.4 | 4 |
| 4 | Direct and Circumstantial Evidence | 9th Cir. 1.5 | 5 |
| 5 | Ruling on Objections | 9th Cir. 1.6 | 6 |
| 6 | Credibility of Witnesses | 9th Cir. 1.7 | 7 |
| 7 | Conduct of the Jury | 9th Cir. 1.8 | 9 |
| 8 | No Transcript Available to Jury | 9th Cir. 1.9 | 12 |
| 9 | Taking Notes | 9th Cir. 1.10 | 13 |
| 10 | Outline of Trial | 9th Cir. 1.11 | 14 |
| 11 | Bench Conferences and Recesses | 9th Cir. 1.16 | 15 |
| **INSTRUCTIONS IN THE COURSE OF TRIAL** | | | |
| 12 | Stipulations of Fact [IF APPLICABLE] | 9th Cir. 2.3 | 17 |
| 13 | Opinion Evidence, Expert Witness | 9th Cir. 4.14 | 18 |
| 14 | Evidence for Limited Purpose | 9th Cir. 2.12 | 19 |
| **INSTRUCTIONS AT END OF TRIAL** | | | |
| 15 | Duties of the Jury to Find Facts and Follow Law | 9th Cir. 3.1 | 21 |

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 16 | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | 9th Cir. 3.2 | 23 |
| 17 | Defendant's Decision Not To Testify/To Testify | 9th Cir. 3.3 & 3.4 | 24 |
| 18 | Reasonable Doubt -- Defined | 9th Cir. 3.5 | 25 |
| 19 | What Is Evidence | 9th Cir. 3.6 | 26 |
| 20 | What Is Not Evidence | 9th Cir. 3.7 | 27 |
| 21 | Direct and Circumstantial Evidence | 9th Cir. 3.8 | 28 |
| 22 | Credibility of Witnesses | 9th Cir. 3.9 | 29 |
| 23 | Activities Not Charged | 9th Cir. 3.10 | 31 |
| 24 | Separate Consideration of Multiple Counts -- Single Defendant | 9th Cir. 3.11 | 32 |
| 25 | Other Crimes, Wrongs or Acts of Defendant | 9th Cir. 4.3 | 33 |
| 26 | Impeachment Evidence -- Witness [IF APPLICABLE] | 9th Cir. 4.8 | 34 |
| 27 | Opinion Evidence, Expert Witness | 9th Cir. 4.14 | 35 |
| 28 | Charts and Summaries Not Admitted Into Evidence [IF APPLICABLE] | 9th Cir. 4.16 | 36 |
| 29 | Charts and Summaries Admitted Into Evidence | 9th Cir. 4.17 | 37 |

1
2

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 30 | On or About -- Defined | 9th Cir. 3.18 | 38 |
| 31 | Knowingly -- Defined | 9th Cir. 5.7 | 39 |
| 32 | Duties of a Lawyer Under California Law | California Rules of Professional Conduct; Case law | 40 |
| 33 | Corporate Distributions | 9th Cir. 9.37 | 45 |
| 34 | Failure to Collect, Account for, and Pay Over Payroll Tax | Case law | 46 |
| 35 | Willful Failure to File Tax Return | 9th Cir. 9.38 | 47 |
| 36 | Government Not Required to Prove Precise Amount of Tax Due and Owing | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 67.08 (5th Ed. 2000) | 48 |
| 37 | Willfully -- Defined | 9th Cir. 9.42 | 49 |
| 38 | Employee – Defined | Statute | 52 |
| 39 | Duty to Deliberate | 9th Cir. 7.1 | 53 |
| 40 | Consideration of Evidence -- Conduct of the Jury | 9th Cir. 7.2 | 54 |
| 41 | Use of Notes | 9th Cir. 7.3 | 55 |
| 42 | Jury Consideration of Punishment | 9th Cir. 7.4 | 56 |
| 43 | Verdict Form | 9th Cir. 7.5 | 57 |
| 44 | Communication with Court | 9th Cir. 7.6 | 58 |

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **PRELIMINARY INSTRUCTIONS**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   COURT'S INSTRUCTION NO. _____

2   JOINT PROPOSED INSTRUCTION NO. 1

3   Jurors: You now are the jury in this case, and I want to take a
4   few minutes to tell you something about your duties as jurors and to
5   give you some preliminary instructions.  At the end of the trial I
6   will give you more detailed written instructions that will control
7   your deliberations.

8   When you deliberate, it will be your duty to weigh and to
9   evaluate all the evidence received in the case and, in that process,
10  to decide the facts.  To the facts as you find them, you will apply
11  the law as I give it to you, whether you agree with the law or not.
12  You must decide the case solely on the evidence and the law before
13  you.

14  Perform these duties fairly and impartially.  You should not be
15  influenced by any person's race, color, religious beliefs, national
16  ancestry, sexual orientation, gender identity, gender, or economic
17  circumstances.  Also, do not allow yourself to be influenced by
18  personal likes or dislikes, sympathy, prejudice, fear, public
19  opinion, or biases, including unconscious biases.  Unconscious biases
20  are stereotypes, attitudes, or preferences that people may
21  consciously reject but may be expressed without conscious awareness,
22  control, or intention.  Like conscious bias, unconscious bias can
23  affect how we evaluate information and make decisions.

24

25  Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2010 ed.)
26  [Duty of Jury]

27
                            2
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2010 ed.)

[What Is Evidence]

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2010 ed.) [What Is Not Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2010 ed.) [Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2010 ed.)

[Ruling On Objections]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

7

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2010 ed.)

[Credibility Of Witnesses]

8

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in

9

1    the case, and how long you expect the trial to last.  But, if
2    you are asked or approached in any way about your jury service
3    or anything about this case, you must respond that you have been
4    ordered not to discuss the matter.  In addition, you must report
5    the contact to the court.

6        Because you will receive all the evidence and legal
7    instruction you properly may consider to return a verdict: do
8    not read, watch, or listen to any news or media accounts or
9    commentary about the case or anything to do with it; do not do
10   any research, such as consulting dictionaries, searching the
11   Internet or using other reference materials; and do not make any
12   investigation or in any other way try to learn about the case on
13   your own.  Do not visit or view any place discussed in this
14   case, and do not use the Internet or any other resource to
15   search for or view any place discussed during the trial.  Also,
16   do not do any research about this case, the law, or the people
17   involved -- including the parties, the witnesses, or the lawyers
18   -- until you have been excused as jurors.  If you happen to read
19   or hear anything touching on this case in the media, turn away
20   and report it to me as soon as possible.

21   These rules protect each party's right to have this case decided
22   only on evidence that has been presented here in court.  Witnesses
23   here in court take an oath to tell the truth, and the accuracy of
24   their testimony is tested through the trial process.  If you do any
25   research or investigation outside the courtroom, or gain any
26   information through improper communications, then your verdict may be

10

influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2010 ed.) [Conduct of the Jury]

11

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2010 ed.)

[No Transcript Available to Jury]

12

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2010 ed.) [Taking Notes]

13

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 10

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2010 ed.) [Outline of Trial]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2010 ed.) [Bench Conferences and Recesses]

15

**INSTRUCTIONS IN THE COURSE OF TRIAL**

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 12

[IF APPLICABLE]

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.)

[Stipulations of Fact]

17

1                      COURT'S INSTRUCTION NO. \_\_\_\_\_

2                 JOINT PROPOSED INSTRUCTION NO. 13

You are about to hear testimony from [Expert Witness] who will testify to opinions and the reasons for [his / her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) [Opinion Evidence, Expert Witness]

18

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

[IF APPLICABLE]

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2010 ed.) [Evidence for Limited Purpose]

19

**INSTRUCTIONS AT END OF CASE**

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

//
//
//
//

21

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2010 ed.)

[Duties of Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 3.2 (2010 ed.)

[Charge Against Defendant Not Evidence -- Presumption of Innocence  -- Burden of Proof]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[If the defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If the defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 3.3 and 3.4 (2010 ed.) [Defendant's Decision Not To Testify/To Testify]

24

1                      COURT'S INSTRUCTION NO. _____

2                 JOINT PROPOSED INSTRUCTION NO. 18

3      Proof beyond a reasonable doubt is proof that leaves you firmly

4  convinced the defendant is guilty.  It is not required that the

5  government prove guilt beyond all possible doubt.

6      A reasonable doubt is a doubt based upon reason and common sense

7  and is not based purely on speculation.  It may arise from a careful

8  and impartial consideration of all the evidence, or from lack of

9  evidence.

10     If after a careful and impartial consideration of all the

11  evidence, you are not convinced beyond a reasonable doubt that the

12  defendant is guilty, it is your duty to find the defendant not

13  guilty.  On the other hand, if after a careful and impartial

14  consideration of all the evidence, you are convinced beyond a

15  reasonable doubt that the defendant is guilty, it is your duty to

16  find the defendant guilty.

24  Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2010 ed.)

25  [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 3.6 (2010 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [IF APPLICABLE:  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.7 (2010 ed.)
[What Is Not Evidence]

27

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2010 ed.)

[Direct and Circumstantial Evidence]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe

29

anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2010 ed.)
[Credibility of Witnesses]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.) [Activities Not Charged]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

A separate crime is charged against the defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 3.11 (2010 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

32

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

[IF APPLICABLE]

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, knowledge, or absence of mistake or accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) [Other Crimes, Wrongs or Acts of Defendant]

33

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 26

[IF APPLICABLE]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) [Impeachment Evidence]

34

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

You have heard testimony from [EXPERTS], who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.)
[Opinion Evidence – Expert Witness]

35

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

[IF APPLICABLE]

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.)

[Charts and Summaries Not Admitted Into Evidence]

36

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 4.17 (2010 ed.) [Charts and Summaries Admitted Into Evidence]

37

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.)

[On or About -- Defined]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 31

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 5.7 (2010 ed.) [Knowingly -- Defined]

39

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 32

<u>Lawyers' Ethical Duties Under California Law</u>

During the relevant time period, California law imposed the following duties on lawyers licensed to practice in California, including the defendant:

1.   A lawyer owed a fiduciary duty to his clients.  A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.   A lawyer owed a duty of loyalty to his clients.  A lawyer could not act in a manner that would materially disadvantage his clients.  A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

3.   A lawyer owed a duty of honesty and fair dealing to his clients.  A lawyer had a duty to keep clients informed of significant developments in the matter in which the lawyer was representing the clients.  To ensure that a client could make an informed decision, a lawyer was required to provide his clients with true and accurate information.  A lawyer could not withhold material information from or mislead his clients.

Additionally, under California law, a lawyer was required to enter into written contracts with his clients setting forth the scope of the representations, as well as any arrangements regarding the payment of attorneys' fees and costs.

40

1     You should keep in mind that proof that the defendant violated
2 one or more of the duties he owed his legal clients under California
3 law does not necessarily mean that the defendant is guilty of the
4 charged offenses.  You may, however, consider whether the defendant
5 violated the duties he owed his clients under California law when
6 evaluating whether the government has proven the elements of wire and
7 mail fraud, including whether the defendant engaged in a scheme to
8 defraud, whether the statements made or facts omitted as part of the
9 scheme were material, whether the defendant acted with the intent to
10 defraud, and whether the defendant had a duty to disclose an omitted
11 fact arising out of a relationship of trust.

12 <u>Attorney-Client Trust Accounts</u>

13     At all times relevant to the charges in this case, the
14 California Rules of Professional Conduct contained specific rules
15 governing a lawyer's receipt of client funds and the use of attorney-
16 client trust accounts.  An "attorney-client trust account" was a bank
17 account that lawyers were required to use to maintain client funds.
18 The purpose of an attorney-client trust account was to protect the
19 funds of a lawyer's clients.  An Interest on Lawyers' Trust Accounts
20 (or "IOLTA") was a type of attorney-client trust account in which any
21 interest accrued would go to a fund operated by the State Bar of
22 California.  The California Rules of Professional Conduct, however,
23 did not distinguish between standard attorney-client trust accounts
24 and IOLTA accounts.  Under California law, a bank or financial
25 institution which is a depository for an attorney-client trust
26 account must report to the California State Bar any instance in which

27
28

a client-trust account is overdrawn or has insufficient funds to cover a check written from the account.

The following rules applied to a lawyer's financial relationship with his clients and the use of attorney-client trust accounts, including IOLTA accounts:

1.   A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2.   A lawyer was required to promptly notify his clients of the receipt of a client's settlement funds and the amount of funds received.

3.   A lawyer was required to maintain records of all funds held or received on behalf of his clients and maintained in an attorney-client trust account.

4.   A lawyer was required to provide to his clients an accounting of any funds the lawyer or his law firm held or received on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

5.   A lawyer was required to promptly pay to his clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

6.   A lawyer was required to obtain authorization from his clients before distributing or withdrawing any funds held or received on behalf of the clients from an attorney-client trust account.

7.    A lawyer could not withdraw from an attorney-client trust account additional amounts beyond those amounts to which his clients agreed could be withdrawn.

8.    Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account. Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

a.    Funds reasonably sufficient to pay bank charges; or

b.    In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

9.    To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts does not necessarily mean that the defendant is guilty of the charged offenses. You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts

43

omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

When a corporation makes a distribution to a stockholder initially characterized as a "distribution," that "distribution" may subsequently be legitimately characterized as a non-taxable "return of capital" if the corporation has no earnings.

Ninth Circuit Model Criminal Jury Instructions, No. 9.37, comment, (2010 ed.)

45

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

The defendant is charged in Count 27 of the First Superseding Indictment with failure to collect, truthfully account for, and pay over payroll taxes for his former law firm, Layfield & Barrett, for the second quarter of the 2017 calendar year.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Layfield & Barrett was an employer that paid wages to its employees;

Second, the defendant was a "responsible person" -- that is, an official of Layfield & Barrett who had responsibility for its decisions regarding the withholding from its employees' wages of Medicare, social security, and federal income taxes, the accounting for such taxes, and the payment of such taxes over to the Internal Revenue Service;

Third, the defendant caused Layfield & Barrett not to collect, account truthfully for, and pay over such taxes for the second quarter of the 2017 calendar year; and

Fourth, the defendant's conduct in causing Layfield & Barrett not to collect, truthfully account for, and pay over such taxes was willful.

United States v. Simkanin, 420 F.3d 397, 404-05 (5th Cir. 2005).

46

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

The defendant is charged in Count 28 of the First Superseding Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2016;

Second, the defendant failed to file an income tax return by October 16, 2017, as required by Title 26 of the United States Code; and

Third, in failing to do so, the defendant acted willfully.

Ninth Circuit Model Criminal Jury Instructions, No. 9.42 (2010 ed.)

47

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

Although the government must prove a willful attempt to evade the assessment of income tax, the government is not required to prove the precise amount of tax due and owing. However, the government must prove beyond a reasonable doubt that some tax was due and owing.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 67.08 (6th Ed. 2009)(modified).

48

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Ninth Circuit Model Criminal Jury Instructions, No. 9.42 (2010 ed.)

49

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

The term "employee" includes any officer of a corporation. The term "employment" means any service, of whatever nature, performed by an employee for the person employing him. "Person" includes a corporation.

26 U.S.C. § 3121(b),(d)(1)

50

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

51

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 7.1 (2010 ed.)

[Duty to Deliberate]

1       COURT'S INSTRUCTION NO. _____

2      JOINT PROPOSED INSTRUCTION NO. 40

3 Because you must base your verdict only on the evidence received in

4 the case and on these instructions, I remind you that you must not

5 be exposed to any other information about the case or to the issues

6 it involves.  Except for discussing the case with your fellow jurors

7 during your deliberations:

8    Do not communicate with anyone in any way and do not let

9   anyone else communicate with you in any way about the merits of

10   the case or anything to do with it.  This restriction includes

11   discussing the case in person, in writing, by phone, tablet,

12   computer, or any other means, via email, text messaging, or any

13   Internet chat room, blog, website or any other forms of social

14   media.  This restriction applies to communicating with your

15   family members, your employer, the media or press, and the people

16   involved in the trial.  If you are asked or approached in any

17   way about your jury service or anything about this case, you

18   must respond that you have been ordered not to discuss the matter

19   and to report the contact to the court.

20    Do not read, watch, or listen to any news or media

21   accounts or commentary about the case or anything to do with

22   it; do not do any research, such as consulting dictionaries,

23   searching the Internet or using other reference materials; and

24   do not make any investigation or in any other way try to learn

25   about the case on your own.

26 The law requires these restrictions to ensure the parties have

27 a fair trial based on the same evidence that each party has had an

28         53

1  opportunity to address.   A juror who violates these restrictions

2  jeopardizes the fairness of these proceedings.   If any juror is

3  exposed to any outside information, please notify the court

4  immediately.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No. 7.2 (2010 ed.)

27  [Consideration of Evidence -- Conduct of the Jury]

28                                    54

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 7.3 (2010 ed.)

[Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 7.4 (2010 ed.)

[Jury Consideration of Punishment]

56

1                       COURT'S INSTRUCTION NO. _____

2                    JOINT PROPOSED INSTRUCTION NO. 43

3        A verdict form has been prepared for you.  After you have

4    reached unanimous agreement on a verdict, your foreperson should

5    complete the verdict form according to your deliberations, sign and

6    date it, and advise the clerk that you are ready to return to the

7    courtroom.

26   Ninth Circuit Model Criminal Jury Instructions, No. 7.5 (2010 ed.)

27   [Verdict Form]

28                                  57

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 7.6 (2010 ed.) [Communication with Court

58