TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
IAN V. YANNIELLO (Cal. Bar No. 265481)
CAROLYN S. SMALL (Cal. Bar No. 304938)
Assistant United States Attorneys
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4477/3667/2041
    Facsimile: (213) 894-6269
    E-mail:    mark.aveis@usdoj.gov
             ian.yanniello@usdoj.gov
             carolyn.small@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>PHILIP JAMES LAYFIELD,<br>   aka "Philip Samuel Pesin,"<br><br>       Defendant. | No. CR 18-124(A)-MWF<br><br>GOVERNMENT'S TRIAL MEMORANDUM<br><br>Trial Date:  August 10, 2021<br>Trial Time:  8:30 a.m.<br>Location:   Courtroom of the<br>              Hon. Michael W.<br>              Fitzgerald |

    Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
of California and Assistant United States Attorneys Mark Aveis, Ian
V. Yanniello, and Carolyn S. Small, hereby files its trial
memorandum.

//

//

//

//

1        The government respectfully requests leave to file additional

2   memoranda as may become appropriate during the course of trial.

3    Dated: August 3, 2021              Respectfully submitted,

4                                       TRACY L. WILKISON
                                        Acting United States Attorney
5
                                        SCOTT M. GARRINGER
6                                       Assistant United States Attorney
                                        Chief, Criminal Division
7

8                                            /s/
                                        _____
                                        MARK AVEIS
9                                       IAN V. YANNIELLO
                                        CAROLYN S. SMALL
10                                      Assistant United States Attorneys

11                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

DESCRIPTION                                                          PAGE

TABLE OF AUTHORITIES...............................................iii

TRIAL MEMORANDUM.....................................................1

I.    STATEMENT OF THE CHARGES.......................................1

      A.   First Superseding Indictment.............................1

      B.   The Statutes and Elements...............................1

           1.   Wire Fraud (Counts 1-19 and 21)...................1

           2.   Mail Fraud (Count 23).............................2

           3.   Tax Evasion (Count 26)............................3

           4.   Failure to Collect and Pay Over Tax (Count 27).......3

           5.   Failure to File Tax Return (Count 28)................4

II.   Trial..........................................................4

      A.   Length of Trial.........................................4

      B.   Witnesses...............................................5

      C.   Exhibits................................................6

      D.   Motions in Limine.......................................6

III.  FACTUAL SUMMARY OF GOVERNMENT'S CASE..........................7

IV.   LEGAL AND EVIDENTIARY ISSUES..................................8

      A.   Embezzlement............................................8

      B.   Potential Defenses......................................9

           1.   Attempts at Post-Theft Mitigation Is Not a
                Defense to Wire or Mail Fraud.....................9

           2.   Victim's Negligence is Not a Defense..............10

      C.   Opposing Party Admissions and the Rule of Completeness...11

      D.   Other Non-Hearsay Statements.............................12

           1.   Statements Not Offered for the Truth of the
                Matter Asserted...................................12

           2.   Contracts and Other Legally-Operative Verbal

i

**<u>TABLE OF CONTENTS (CONTINUED)</u>**

<u>DESCRIPTION</u>                                                    <u>PAGE</u>

       Conduct.................................................13

   E.   Business Records.......................................13

   F.   Summary Exhibits......................................15

   G.   Summary Witnesses.....................................17

   H.   Impeachment...........................................18

   I.   Cross-Examination of Defendant........................18

   J.   Reciprocal Discovery..................................19

   K.   Affirmative Defenses..................................19

V.   CONCLUSION................................................20

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                    PAGE

**CASES**

Arthur v. Gallagher Bassett Servs., Inc.,
    No. CV 09-4882 SVW (CWX), 2010 WL 11596468 (C.D. Cal. June
    1, 2010).................................................................14

Barsky v. United States,
    339 F.2d 180 (9th Cir. 1964)............................................17

Carpenter v. United States,
    484 U.S. 19 (1987)....................................................... 8

Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.,
    466 F.2d 722 (7th Cir. 1972)............................................18

Goldberg v. United States,
    789 F.2d 1341 (9th Cir. 1986)...........................................16

Ohio v. Roberts,
    448 U.S. 56 (1980)......................................................14

Ohler v. United States,
    529 U.S. 753 (2000).....................................................19

Shaw v. United States,
    --- U.S. ----, 137 S. Ct. 462 (2016)..................................... 9

Taylor v. Illinois,
    484 U.S. 400 (1988).....................................................19

U-Haul Int'l v. Lumbermans Mutual Casualty Co.,
    576 F.3d 1040 (9th Cir. 2009)...........................................14

United Bourjaily v. United States,
    483 U.S. 171 (1987).....................................................15

United States v. Brown,
    562 F.2d 1144 (9th Cir. 1977)...........................................12

United States v. Catabran,
    836 F.2d 453 (9th Cir. 1988)............................................14

United States v. Ciccone,
    219 F.3d 1078 (9th Cir. 2000)...........................................11

United States v. Coin,
    753 F.2d 1510 (9th Cir. 1985)............................................ 9

United States v. Dominguez,
    641 F. App'x 738 (9th Cir. 2016)........................................12

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Fernandez,
    839 F.2d 639 (9th Cir. 1988)....................................11

United States v. Hamilton,
    499 F.3d 734 (7th Cir. 2007)....................................10

United States v. Johnson,
    594 F.2d 1253 (9th Cir. 1979)...............................15, 16

United States v. Jones,
    472 F.3d 1136 (9th Cir. 2007)....................................8

United States v. Jones,
    No. 2:13-CR-00332-JCM, 2014 WL 347395 (D. Nev. Jan. 30,
    2014)...........................................................18

United States v. Lemire,
    720 F.2d 1327 (D.C. Cir. 1983)..................................17

United States v. Lindsey,
    850 F.3d 1009 (9th Cir. 2017)...................................10

United States v. Mack,
    Nos. 08-5056, 10-6648, 2011 WL 5925314 (4th Cir. Nov. 29,
    2011)...........................................................10

United States v. McCormick,
    72 F.3d 1404 (9th Cir. 1995)....................................10

United States v. Miller,
    953 F.3d 1095 (9th Cir. 2020)....................................9

United States v. Miranda-Uriarte,
    649 F.2d 1345 (9th Cir. 1981)...................................19

United States v. Namvar,
    498 F. App'x 749 (9th Cir. 2012)................................10

United States v. Oren,
    893 F.2d 1057 (9th Cir. 1990)....................................9

United States v. Ortega,
    203 F.3d 675 (9th Cir. 2000)....................................11

United States v. Pang,
    362 F.3d 1187 (9th Cir. 2004)...................................13

United States v. Pree,
    408 F.3d 855 (7th Cir. 2005)....................................17

iv

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Ray,
       930 F.2d 1368 (9th Cir. 1990)..................................14

United States v. Rizk,
       660 F.3d at 1125 (9th Cir. 2011)..............................16

United States v. Safavian,
       435 F. Supp. 2d 36 (D.D.C. 2006)..............................11

United States v. Sawyer,
       No. 6:10-60122-AA, 2013 WL 244523 (D. Or. Jan. 22, 2013)......10

United States v. Scales,
       594 F.2d 558 (6th Cir. 1979)..................................16

United States v. Shirley,
       884 F.2d 1130 (9th Cir. 1989).................................17

United States v. Siddiqui,
       235 F.3d 1318 (11th Cir. 2000)................................11

United States v. Simkanin,
       420 F.3d 397 (5th Cir. 2005)...................................4

United States v. Soulard,
       730 F.2d 1292 (9th Cir. 1984).............................17, 18

United States v. Treadwell,
       593 F.3d 990 (2010)............................................9

United States v. Vallejos,
       742 F.2d 902 (9th Cir. 2014)..................................12

**STATUTES**

18 U.S.C. § 1028A(a)(1)..............................................1

18 U.S.C. § 1341...............................................1, 3, 9

18 U.S.C. § 1343..................................................1, 2

26 U.S.C. § 7201..................................................1, 3

26 U.S.C. § 7202..................................................1, 4

26 U.S.C. § 7203..................................................1, 5

**OTHER AUTHORITIES**

Ninth Circuit Model Criminal Jury Instructions, No. 8.121...........3

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

Ninth Circuit Model Criminal Jury Instructions, No. 8.124...........2

Ninth Circuit Model Criminal Jury Instructions, No. 9.37............4

Ninth Circuit Model Criminal Jury Instructions, No. 9.38............5

**RULES**

Fed. R. Crim. P. 16(b)..........................................23

Fed. R. Crim. P. 26.2...........................................23

Fed. R. Evid. 1006..........................................18, 19

Fed. R. Evid. 104(a)............................................17

Fed. R. Evid. 106...............................................14

Fed. R. Evid. 403...........................................11, 22

Fed. R. Evid. 608(b)(1).........................................21

Fed. R. Evid. 801(d)(2).....................................12, 13

Fed. R. Evid. 803(6)........................................16, 17

Fed. R. Evid. 902(11)...........................................15

**TRIAL MEMORANDUM**

**I.   STATEMENT OF THE CHARGES**

    **A.   First Superseding Indictment**

On November 15, 2018, the grand jury returned a first superseding indictment ("FSI") charging defendant with 22 counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 1-22); one count of mail fraud, in violation of 18 U.S.C. § 1341 (Count 23); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 24-25); one count of tax evasion, in violation of 26 U.S.C. § 7201 (Count 26); one count of failure to collect and pay over tax, in violation of 26 U.S.C. § 7202 (Count 27); and one count of willful failure to file a tax return, in violation of 26 U.S.C. § 7203 (Count 28).

On August 28, 2020, the Court dismissed Counts 24 and 25 of the indictment (the aggravated-identity-theft counts).  (Dkt. 185.)  As the government has previously informed the Court and defense counsel, it does not intend to proceed on Counts 20 or 22, which were the predicate counts for Counts 24 and 25.  Accordingly, the charges that the government will be proceeding on at trial are Counts 1-19, 21, 23, and 26-28.

    **B.   The Statutes and Elements[1]**

        1.   <u>Wire Fraud (Counts 1-19 and 21)</u>

The elements of the offense charged in Counts 1-19 and 21, i.e., wire fraud, in violation of 18 U.S.C. § 1343, are as follows:

---

[1] Pursuant to the Court's standing order, the government and defense counsel have conferred regarding this trial memorandum.  This Section represents the government's view of the elements of the charges.  The parties have some limited disputes about the elements of the offenses, which are reflected in the parties' disputed jury instructions (Dkt. 281).

1.   The defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

2.   The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3.   The defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

4.   The defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (Wire Fraud).

         2.   <u>Mail Fraud (Count 23)</u>

The elements of the offense charged in Count 23, i.e., mail fraud, in violation of 18 U.S.C. § 1341, are as follows:

1.   The defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

2.   The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3.    The defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

4.    The defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme. Ninth Circuit Model Criminal Jury Instructions, No. 8.121 (Mail Fraud).

### 3.    Tax Evasion (Count 26)

The elements of the offense charged in Count 26, i.e., tax evasion, in violation of 26 U.S.C. § 7201, are as follows:

1.    The defendant owed federal income tax for the 2016 calendar year;

2.    The defendant made an affirmative attempt to evade or defeat such tax; and

3.    In attempting to evade or defeat such tax, the defendant acted willfully.
Ninth Circuit Model Criminal Jury Instructions, No. 9.37 (Attempt to Evade or Defeat Income Tax).

### 4.    Failure to Collect and Pay Over Tax (Count 27)

The elements of the offense charged in Count 27, i.e., failure to collect and pay over tax, in violation of 26 U.S.C. § 7202, are as follows:

1.    Layfield & Barrett was an employer that paid wages to its employees;

2.    The defendant was a "responsible person" -- that is, an official of Layfield & Barrett who had responsibility for its decisions regarding the withholding from its employees' wages of Medicare, social security, and federal income taxes, the accounting

3

for such taxes, and the payment of such taxes over to the Internal Revenue Service;

3.   The defendant caused Layfield & Barrett not to collect, account truthfully for, and pay over such taxes for the second quarter of the 2017 calendar year; and

4.   The defendant's conduct in causing Layfield & Barrett not to collect, truthfully account for, and pay over such taxes was willful.

United States v. Simkanin, 420 F.3d 397, 404-05 (5th Cir. 2005).

     5.   Failure to File Tax Return (Count 28)

The elements of the offense charged in Count 28, i.e., failure to file a tax return, in violation of 26 U.S.C. § 7203, are as follows:

1.   The defendant was required to file a return for the calendar year ending December 31, 2016;

2.   The defendant failed to file an income tax return by October 16, 2017, as required by Title 26 of the United States Code; and

3.   In failing to do so, the defendant acted willfully.
Ninth Circuit Model Criminal Jury Instructions, No. 9.38 (Willful Failure to Pay Tax or File Tax Return).

**II.   Trial**

    **A.   Length of Trial**

The government expects that its case-in-chief will take approximately eight to ten trial days, including cross-examination. The defense agrees with this time estimate.

4

1          **B.   Witnesses**

2          The government presently intends to call the following witnesses

3   in its case-in-chief:

4          (1)  Alabise (formerly Salcedo), Patricia

5          (2)  Amatulli, Andrew

6          (3)  Artinian, Michael

7          (4)  Barrett, Joseph

8          (5)  Bello, Kat

9          (6)  Blevins, Timothy

10         (7)  Bloom, Mark

11         (8)  Bullock, Jeff

12         (9)  Chan, Sam

13         (10) Coleman, Derrick

14         (11) Curry, Katy

15         (12) Doyle, Conal

16         (13) Hickey, Fred

17         (14) Homampour, Arash

18         (15) Kesler, Denise

19         (16) Lavine, Aaron

20         (17) Ledezma, Jorge

21         (18) Medes, Amanda

22         (19) Medina, Michael

23         (20) Middleton, Mitchell

24         (21) Mims, Rita

25         (22) Myers, Paul

26         (23) Nguyen, Josephine

27         (24) Pannebaker, Jeff

28         (25) Pugh, Jean

1    (26)  Setareh, Daniel

2    (27)  Topor, Bryan

3    (28)  Wakefield, Todd

4    (29)  Waks, Michael

5    (30)  Webster, Tyler

6  The government reserves the right to call additional witnesses as

7  necessary and rebuttal witnesses should defendants present a case.

8    **C.   Exhibits**

9    The government anticipates introducing approximately 270

10  exhibits into evidence.  The defense has not yet disclosed whether

11  defendant will seek to admit any exhibits at trial, or, if so, how

12  many exhibits he will seek to admit.  The parties agreed to an early

13  exchange of witness and exhibit lists.  The government provided

14  defendant with drafts of its exhibit and witness lists on July 26,

15  2021.  Defendant has not yet provided the government with its draft

16  exhibit and witness lists.

17    **D.   Motions in Limine**

18    To date, the government has filed the following motions in

19  limine: (1) to exclude irrelevant evidence and improper arguments

20  related to defendant's purported plan to repay his victims (Dkt. 241)

21  (the "Intent-to-Repay MIL"); (2) to admit evidence of defendant's

22  lifestyle and debts as proof of motive (Dkt. 240) (the "Lifestyle

23  MIL"); and (3) to preclude the expert testimony of Jeffrey Bussell

24  (Dkt. 261) (the "Bussell MIL").  With respect to the Lifestyle and

25  Intent-to-Repay MILs, the Court has indicated it agrees with the

26  general legal principles set forth in the parties' briefs but has not

27  yet entered a written order.  The Bussell MIL is also under

28  submission.  (Dkt. 274.)

6

1    The defense has filed the following motions <u>in limine</u>: (1) to

2    exclude evidence regarding client-victims' injuries (Dkt. 242) (the

3    "Victim-Injuries MIL"); (2) to exclude evidence concerning the

4    California Rules of Professional Conduct and references to

5    defendant's disbarment (Dkt. 257) (the "Rules and Disbarment MIL");

6    (3) to exclude evidence and improper arguments related to referral

7    fees (Dkt. 260) (the "Referral Fees MIL"); and (4) to preclude the

8    expert testimony of Jean Pugh (Dkts. 258, 275) (the "Pugh MILs").

9    With respect to the Victim-Injures MIL, the Court has indicated it

10   agrees with the general legal principles set forth in the parties'

11   briefs and would address specific objections as they arose during

12   trial.  The Court denied the Rules and Disbarment MIL, with the

13   exception that it ruled defendant's disbarment should not be

14   mentioned and there would be a limiting instruction explaining the

15   difference between the crimes charged/federal law and state bar

16   rules.  The Referral Fees MIL is under submission.  (Dkt. 272.)  The

17   Pugh MILs were denied.  (Dkt. 279.)

18   **III.  FACTUAL SUMMARY OF GOVERNMENT'S CASE**

19   The government provided a detailed description of the underlying

20   facts at issue in this case in its Motion <u>in Limine</u> No. 1 to Exclude

21   Improper References, Testimony, and Argument.  (Dkt. 241.)  Those

22   facts are incorporated by reference herein.

23   The parties' understanding is that the Court will provide the

24   jury with a statement of the case and charges by way of Ninth Circuit

25   Model Criminal Jury Instruction No. 1.2.  The precise substance of

26   that instruction is the subject of the parties' disputed jury

27   instructions (Dkt. 281, Proposed Instruction No. 1).

28

**IV.   LEGAL AND EVIDENTIARY ISSUES[2]**

    **A.   Embezzlement**

    The government intends to prove at trial that defendant's fraudulent scheme involved, among other things, embezzling settlement money that he was supposed to be holding in trust for his clients, referral attorneys, and lienholders.  (See, e.g., FSI ¶¶ 22(c)(2) (alleging that defendant would "not timely remit to clients and Referring Attorneys their net case disposition proceeds and bargained-for share of attorney's fees, respectively" but would instead take various steps to misappropriate the funds and then conceal his misappropriation); ¶ 22(c)(3) (alleging that defendant "would not use case disposition proceeds only as permitted by [law]," but would instead transfer millions of dollars from the client-trust account to pay his own bills).)

    It is black-letter law that the "concept of fraud includes the act of embezzlement, which is the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another." Carpenter v. United States, 484 U.S. 19, 27 (1987) (internal quotations omitted).  Even if the defendant did not possess a fraudulent intent when he received money that he was supposed to hold in trust, "his fraudulent appropriation of the funds still satisfies the elements of § 1343." United States v. Jones, 472 F.3d 1136, 1140 (9th Cir. 2007) (emphasis added).  Accordingly, in an embezzlement scheme, the earliest point at which the government must prove

---

[2] This Section represents the government's view of the legal and evidentiary issues in the case.  According to defense counsel, they are still reviewing the government's proposed exhibits and assessing the potential issues that may arise at trial.  The parties intend to further meet and confer regarding exhibits to attempt to resolve as many evidentiary issues as possible in advance of trial.

fraudulent intent is the point at which the defendant converted to

his own use funds he was supposed to be holding in trust.[3]

### B.   Potential Defenses

#### 1.   Attempts at Post-Theft Mitigation Is Not a Defense to Wire or Mail Fraud

The crime of fraud is committed when a defendant asserts false representations or omits material facts, with the intent to defraud or deceive, in order to obtain the money or property of another. United States v. Oren, 893 F.2d 1057, 1061 (9th Cir. 1990); United States v. Treadwell, 593 F.3d 990, 996-98 (2010).[4]  Similarly, the crime of embezzlement is complete when the misapplication or embezzlement occurs.  See, e.g., United States v. Coin, 753 F.2d 1510, 1511 (9th Cir. 1985).  At trial, the evidence will show that, beginning in or around March 2016 until the approximate date when defendant moved his family to Costa Rica (June 13, 2017), defendant embezzled millions of dollars of client settlement money and concealed his theft.  Defendant has stated he intends to introduce evidence related to post-theft attempts to repay clients and creditors after his fraud was exposed.  As the government detailed in its motion in limine addressing the issue, the Court should exclude such evidence because it is not relevant and otherwise inadmissible under Rule 403.  United States v. Namvar, 498 F. App'x 749, 750 (9th

---

[3] Here, although the government need not prove that defendant had a fraudulent intent when he first was hired by his clients or first received their case proceeds, the government expects that, with respect to at least one client, the evidence will show that defendant did in fact have a fraudulent intent much sooner than when he misappropriated the funds.

[4] Treadwell was abrogated on other grounds in Shaw v. United States, --- U.S. ----, 137 S. Ct. 462 (2016).  See United States v. Miller, 953 F.3d 1095, 1103 (9th Cir. 2020).

Cir. 2012) ("The district court properly excluded evidence of [the defendant]'s intent to repay the victims and good faith effort to fund the exchanges because such an intent is not a defense to fraud."); see also United States v. Sawyer, No. 6:10-60122-AA, 2013 WL 244523, at *1-2 (D. Or. Jan. 22, 2013), aff'd, 584 F. App'x 751 (9th Cir. 2014) (excluding as irrelevant evidence of defendant's intent or ability to repay investors, noting that the defendant "had the requisite 'intent to defraud,' even if she believed the investors could be repaid with other assets"); United States v. Hamilton, 499 F.3d 734, 736 (7th Cir. 2007) ("If you embezzle from your employer you are not excused just because you had an honest intention of replacing the money, maybe with interest ...."); United States v. McCormick, 72 F.3d 1404, 1409 (9th Cir. 1995) ("The government needed only to prove that Thomas made the false statements in order to influence the bank... Whether Thomas entertained an honest intent to repay the bank is irrelevant."); United States v. Mack, Nos. 08-5056, 10-6648, 2011 WL 5925314, at *2 (4th Cir. Nov. 29, 2011) (holding, in wire fraud case that "the intent to repay eventually is irrelevant to the question of guilt for fraud") (internal quotation marks and citation omitted).

> ### 2.   Victim's Negligence is Not a Defense

A victim's negligence, carelessness, or even foolishness is not a defense to a fraud charge.  The laws against fraud are designed to protect the naive and careless, as well as the experienced and careful.  See United States v. Lindsey, 850 F.3d 1009, 1015 (9th Cir. 2017).  In fact, the "lack of guile on the part of those solicited may itself point with persuasion to the fraudulent character of the [scheme]."  See id. (quoting United States v. Ciccone, 219 F.3d 1078,

10

1   1083 (9th Cir. 2000)).

2          **C.   Opposing Party Admissions and the Rule of Completeness**

3          The government intends to offer into evidence various statements

4   defendant made throughout the charged scheme.

5          Statements by the defendant, when offered by the government, are

6   admissions by a party-opponent and are therefore not hearsay under

7   Fed. R. Evid. 801(d)(2); United States v. Ortega, 203 F.3d 675, 682

8   (9th Cir. 2000).  Courts routinely admit electronic evidence, like

9   emails, as party admissions in criminal cases.  See, e.g., United

10  States v. Safavian, 435 F. Supp. 2d 36, 43 (D.D.C. 2006) ("The

11  statements [in emails] attributed directly to [the defendant] come in

12  as admissions by a party opponent under Fed. R. Evid. 801(d)(2)(A)");

13  United States v. Siddiqui, 235 F.3d 1318, 1323 (11th Cir. 2000)

14  ("Those [emails] sent by [defendant] constitute admissions of a

15  party").  Statements made by defendant's employees at his direction

16  "on a matter within the scope of that relationship and while it

17  existed" are also admissible as party admissions.  Fed. R. Evid.

18  801(d)(2)(D).

19         The rule does not go both ways.  Defendant's statements offered

20  by him are inadmissible hearsay.  Ortega, 203 F.3d at 682; see also

21  United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per

22  curiam).

23         Additionally, the mere fact that the government may introduce

24  portions of defendant's recorded statement does not mean the full

25  statement must be admitted.  Under Rule 106 of the Federal Rules of

26  Evidence, "[i]f a party introduces all or part of a writing or

27  recorded statement, an adverse party may require the introduction, at

28  that time, of any other part -- or any other writing or recorded

                                     11

statement -- <u>that in fairness ought to be considered at the time</u>."
Fed. R. Evid. 106 (emphasis added).  Thus, Rule 106 "does not
. . . require the introduction of <u>any</u> unedited writing or statement
merely because an adverse party has introduced an edited version."
<u>United States v. Vallejos</u>, 742 F.2d 902, 905 (9th Cir. 2014).  A
"complete statement" is only required if it "serve[s] to correct a
misleading impression in the edited statement that is created by
taking something out of context."  <u>Id.</u>  The government does not
intend to introduce statements that are misleading or taken out of
context, and thus there will be no need for introduction of
defendant's complete statements.

### D.   Other Non-Hearsay Statements

#### 1.   <u>Statements Not Offered for the Truth of the Matter Asserted</u>

The government anticipates introducing out-of-court statements
contained in emails and other documents that are not opposing-party
admissions, but nonetheless are non-hearsay statements because they
will not be offered for the truth of the matter asserted.  The
statements will instead be offered primarily to give context to
defendant's statements and/or to show defendant's state of mind and
knowledge.  <u>See</u> <u>United States v. Brown</u>, 562 F.2d 1144, 1148 (9th Cir.
1977) (statements used to show the defendant's state of mind "were
properly admitted for non-hearsay purposes"); <u>United States v.</u>
<u>Dominguez</u>, 641 F. App'x 738, 741 (9th Cir. 2016) (district court did
not abuse discretion by admitting video and audio recording of the
defendant's meeting with a cooperating witness because "the witness's
statements were admissible to provide context for [the defendant]'s
statements").  Email correspondence that former clients and others

sent to defendant, for example, will be admitted to show defendant's knowledge of client complaints and to explain or establish context for defendant's subsequent actions.

### 2.  Contracts and Other Legally-Operative Verbal Conduct

The government also expects that its evidence will include lender agreements, checks, and other commercial documents.  Such out-of-court statements that are offered as evidence of legally-operative verbal conduct are not hearsay.  See United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004).  These documents therefore are admissible.  See id. at 1192.

### E.  Business Records

The government will seek to admit documents obtained from various institutions as self-authenticating business records pursuant to Federal Rule of Evidence 902(11).  Pursuant to the government's notice, defendant has stipulated to the foundation of those documents for which the government produced 902(11) certifications.  The government anticipates obtaining additional certifications by the time of trial and, therefore, expects defendant to similarly stipulate.

Records that are accompanied by a 902(11) certification are not only self-authenticating, they also fall within an exception to the rule against hearsay if the following conditions are met:

(1) "[T]he record was made at or near the time by – or from information transmitted by – someone with knowledge";

(2) [T]he record was kept in the course of a regularly conducted activity of a business [or] organization";

(3) "[M]aking the record was a regular practice of that activity"; and

13

1      (4) "[T]he opponent does not show that the source of information

2  or the method or circumstances of preparation indicate a lack of

3  trustworthiness."

4  Fed. R. Evid. 803(6).  Because Rule 803(6) represents a firmly rooted

5  hearsay exception, if non-testimonial evidence meets the requirements

6  for admission under the Rule, no further showing of reliability is

7  necessary for admission under the Confrontation Clause.  See Ohio v.

8  Roberts, 448 U.S. 56, 66 (1980), overruled on other grounds by

9  Crawford v. Washington, 541 U.S. 36 (2004); United States v. Ray, 930

10  F.2d 1368, 1371 (9th Cir. 1990).

11      Computer printouts that are compilations of data regularly

12  maintained by a business, such as printouts from a bank's internal

13  systems that the bank maintains in the ordinary course of its

14  business, are admissible as records of regularly conducted activity

15  pursuant to Fed. R. Evid. 803(6).  See United States v. Catabran, 836

16  F.2d 453, 458 (9th Cir. 1988) (questions as to accuracy "of business

17  records, would have affected only the weight of the printouts, not

18  their admissibility."); U-Haul Int'l v. Lumbermans Mutual Casualty

19  Co., 576 F.3d 1040, 1043-44 (9th Cir. 2009) (computer records kept in

20  the regular course of business activity properly admitted under Fed.

21  R. Evid. 803(6)).

22      In some instances, statements within emails can themselves be

23  business records, but those statements 8need to satisfy the

24  requirements of Fed. R. Evid. 803(6).  See Ray, 930 F.2d at 1370;

25  Arthur v. Gallagher Bassett Servs., Inc., No. CV 09-4882 SVW (CWX),

26  2010 WL 11596468, at *6 (C.D. Cal. June 1, 2010) ("There is some

27  authority for admitting emails as business records.").  In

28  determining if these foundational facts have been established, the

14

court may consider hearsay and other evidence not admissible at
trial.  See Fed. R. Evid. 104(a); United Bourjaily v. United States,
483 U.S. 171, 178-79 (1987).

### F.    Summary Exhibits

This case involves a large number of documents, including
voluminous financial records.  To assist the jury's understanding of
the case, the government intends to present some charts and summaries
that will aid the jury in understanding the evidence, including
exhibits that show the flow of money in and out of defendant's
client-trust and other bank accounts.

Fed. R. Evid. 1006 provides:

> The proponent may use a summary, chart, or calculation to
> prove the content of voluminous writings, recordings, or
> photographs that cannot be conveniently examined in court.
> The proponent must make the originals or duplicates
> available for examination or copying, or both, by other
> parties at a reasonable time and place.  And the court may
> order the proponent to produce them in court.

Fed. R. Evid. 1006.

The Advisory Committee Notes to Fed. R. Evid. 1006 add that
"[t]he admission of summaries of voluminous books, records, or
documents offers the only practicable means of making their contents
available to judge and jury.  The rule recognizes this practice, with
appropriate safeguards."  Fed. R. Evid. 1006, 1972 Advisory Committee
Notes; see also United States v. Johnson, 594 F.2d 1253, 1255 (9th
Cir. 1979) ("The purpose of Rule 1006 is to allow the use of
summaries when the volume of documents being summarized is so large
as to make their use impractical or impossible; summaries may also
prove more meaningful to the judge and jury.").

A summary chart may be admitted as substantive evidence when the
proponent establishes that the underlying documents upon which the

summary is based are voluminous, admissible, and available for
inspection.  Johnson, 594 F.2d at 125-26.  Although the materials
underlying the summary must be admissible, they need not themselves
be admitted into evidence.  United States v. Rizk, 660 F.3d at 1125,
1130—31 (9th Cir. 2011).  In addition, the summary chart must be
accurate, authentic, and properly introduced.  United States v.
Scales, 594 F.2d 558, 563 (6th Cir. 1979) (affirming introduction of
summary charts presenting an organization of undisputed objective
evidence in terms of relevant counts of the indictment).  Any
contention that the chart may contain inaccuracies or omissions goes
to the weight of the evidence, not its admissibility.  Rizk, 660 F.3d
at 1131 at n.2.

Fed. R. Evid. 1006 does not require that a jury's examination of
the underlying records be literally impossible before a summary or a
chart may be utilized.  "All that is required for the rule to apply
is that the underlying writings be 'voluminous' and that in court
examination not be convenient."  Scales, 594 F.2d at 562.  Nor does
the large size of, or other complexity to, a summary chart render it
inadmissible when it contains otherwise unobjectionable evidence.
Id. at 563.  Where a chart does not contain complicated calculations
that would require an expert for accuracy, authentication of the
chart requires only that the witness (1) have properly catalogued the
exhibits and records upon which the chart is based; and (2) have
knowledge of the analysis of the records referred to in the chart.
Id.; see Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir.
1986) (upholding district court's determination that the testimony of
a revenue agent as to summaries of voluminous tax records did not
include any expert opinions or conclusions); United States v. Pree,

408 F.3d 855, 869 (7th Cir. 2005) ("When a summary witness simply testifies as to what the government's evidence shows, he does not testify as an expert witness."). The use of other persons in the preparation of summary evidence goes to the weight of the evidence, not its admissibility. See United States v. Soulard, 730 F.2d 1292, 1299 (9th Cir. 1984).

Finally, summary charts need not contain the defendant's version of events. See United States v. Lemire, 720 F.2d 1327, 1349 (D.C. Cir. 1983); Barsky v. United States, 339 F.2d 180, 181 (9th Cir. 1964) (rejecting defendant's argument that summary should be excluded because it did not contain his version of the case; accepting that argument "would be to hold that if a defendant had an alibi, no matter how improbable, then no expert could prepare a summary of the evidence tending to prove guilt").

### G.   Summary Witnesses

The government will seek to introduce the above summary charts through a summary witness, IRS-CI Special Agent Sam Chan. A summary witness may properly testify about, and use a chart to summarize, evidence that is voluminous and complex. The court and jury are entitled to have a witness "organize and evaluate evidence which is factually complex and fragmentally revealed." United States v. Shirley, 884 F.2d 1130, 1133-34 (9th Cir. 1989) (agent's testimony regarding her review of various telephone records, rental receipts, and other previously offered testimony held to be proper summary evidence, as it helped jury organize and evaluate evidence; summary charts properly admitted). Further, a summary witness may be assisted by others in the preparation of summary evidence; the assistance provided by other people in the preparation of summary

17

evidence goes to its weight, not its admissibility.  See Soulard, 730
F.2d at 1299; Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co., 466
F.2d 722, 727 (7th Cir. 1972) ("It is not necessary . . . that every
person who assisted in the preparation of the original records or the
summaries be brought to the witness stand.").

### H.   Impeachment

Under Rule 608 of the Federal Rules of Evidence, aside from
criminal convictions, "extrinsic evidence is not admissible to prove
specific instances of a witness's conduct in order to attack or
support the witness's character for truthfulness."  Fed. R. Evid.
608(b)(1).  The Court may, however, "on cross-examination, allow them
to be inquired into if they are probative of the character for
truthfulness or untruthfulness of" the witness.  Id.

To the extent government witnesses have been the subject of
State Bar complaints or lawsuits --- whether as a result of
defendant's conduct in this case or for any other reason --- the mere
fact that complaints were lodged or lawsuits were filed is not proper
impeachment evidence under Rule 608.  See United States v. Jones, No.
2:13-CR-00332-JCM, 2014 WL 347395, at *3 (D. Nev. Jan. 30, 2014)
("The mere filing of a complaint does not mean the alleged action was
improper or that there has been misconduct.").  Any such evidence
would also be inadmissible under Rule 403 because it would be unduly
prejudicial and could result in a mini-trial regarding whether the
witness in fact engaged in the conduct alleged.

### I.   Cross-Examination of Defendant

The government does not know whether defendant intends to
testify at trial.  If defendant does testify, he waives his right
against self-incrimination, and the government has the right to

18

cross-examine him on all matters reasonably related to the subject matter of his testimony.  See, e.g., Ohler v. United States, 529 U.S. 753, 760 (2000) ("It has long been held that a defendant who takes the stand on his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination[.]" (quotation marks omitted)).  A defendant who testifies has no right to avoid cross-examination on matters that call into question any claim of innocence.  United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981).

The government does not seek to admit evidence concerning defendant's character in its case-in-chief.  Should defendant testify, however, the government may use other-acts evidence and additional sources permitted by the Federal Rules of Evidence to impeach defendant and/or attack his character for truthfulness.

### J.   Reciprocal Discovery

Defendant has produced discovery to the government pursuant to the government's requests for reciprocal discovery to which it was entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure.  To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded.  See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

### K.   Affirmative Defenses

Defendant has not given notice of any intent to rely on any defense of mental incapacity, alibi, or any other affirmative defense.  Therefore, to the extent defendant may attempt to rely on

such a defense, the government reserves the right to object and to move to preclude it.

**V.    CONCLUSION**

The government respectfully requests leave to file supplemental trial memoranda before or during trial, as may become appropriate.