TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
IAN V. YANNIELLO (Cal. Bar No. 265481)
CAROLYN S. SMALL (Cal. Bar No. 304938)
Assistant United States Attorneys
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4477/3667/2041
        Facsimile: (213) 894-6269
        E-mail:    mark.aveis@usdoj.gov
                   ian.yanniello@usdoj.gov
                   carolyn.small@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-124(A)-MWF |
| Plaintiff, | GOVERNMENT'S PROPOSED *VOIR DIRE* QUESTIONS |
| v. | Trial Date:  August 10, 2021 |
| PHILIP JAMES LAYFIELD,<br> aka "Philip Samuel Pesin," | Trial Time:  8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. Michael W.<br>             Fitzgerald |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Mark Aveis, Ian

V. Yanniello, and Carolyn S. Small, respectfully requests that the

//

//

//

//

//

Court ask the jury panel the following voir dire questions in
addition to the Court's usual voir dire questions.

Dated: August 4, 2021          Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                    /s/
                               _____
                               MARK AVEIS
                               IAN V. YANNIELLO
                               CAROLYN S. SMALL
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**GOVERNMENT'S PROPOSED *VOIR DIRE* QUESTIONS**

**I.    Background**

1.    Have you, or anyone close to you, ever been employed by the federal government?  If yes:

a.    In what capacity?

b.    Has that employment left you with a negative, positive, or neutral impression of the federal government or individuals who work for the federal government?

2.    Are you, or anyone close to you, a lawyer?  If yes:

a.    Please describe who and your relationship to that person.

b.    Has that employment or relationship left you with a negative, positive, or neutral impression of judges, prosecutors, defense attorneys, the criminal justice system, or lawyers generally?

3.    Have you, or anyone close to you, ever been employed in law enforcement or criminal justice?  This includes state or local police departments; federal investigatory agencies, such as the FBI; any prosecutor's office; or any court system.  If yes:

a.    Please describe who was so employed and in what capacity.

b.    Has that employment or relationship caused you to form strong opinions, either positive or negative, regarding law enforcement or the criminal justice system?

**II.   Experience with and Attitude towards Law Enforcement and the Legal System**

4.    Have you, or anyone close to you, ever been the victim of a crime?  If yes:

1          a.   Please describe the circumstances, including the type

2 of crime, whether anyone was arrested, whether there was a trial,

3 and/or what the outcome was.

4          b.   Did that experience leave you with a negative,

5 positive, or neutral impression of law enforcement, judges,

6 prosecutors, defense attorneys, or the criminal justice system?

7     5.   Have you, or anyone close to you, ever been investigated

8 for, arrested for, charged with, or convicted of any offense (other

9 than a minor traffic offense)?  If yes:

10          a.   Please describe the nature of the offense(s) and

11 outcome.

12          b.   Did that experience leave you with a negative,

13 positive, or neutral impression of law enforcement, judges,

14 prosecutors, defense attorneys, or the criminal justice system?

15     6.   Have you, or anyone close to you, ever had any contact with

16 law enforcement officials that has caused you to form strong

17 opinions, either positive or negative, regarding law enforcement?  If

18 yes, please describe.

19     7.   Have you, or anyone close to you, ever had any dealings

20 with the United States Attorney's Office?  If yes:

21          a.   Please describe.

22          b.   Was there anything about those dealings that would

23 affect your ability to serve as a fair and impartial juror?

24     8.   Have you, or anyone close to you, ever been engaged in a

25 lawsuit against the United States government?  If yes:

26          a.   Please describe.

27          b.   Was there anything about the lawsuit that would affect

28 your ability to serve as a fair and impartial juror?

9.   Have you ever hired a lawyer to represent you?  If yes, was there anything positive or negative about the experience of being represented by a lawyer?

10.   Have you ever testified as a witness at any kind of legal proceeding?  If yes, please describe the circumstances.

11.   Have you ever been involved in a civil or criminal proceeding as either a plaintiff or defendant?  If yes, please describe the circumstances.

12.   Do you think that law enforcement or the criminal justice system is unfair or needs to be changed?  If yes, please explain.

13.   Do you have any opinions or feelings about the criminal justice system, such as judges, prosecutors, defense lawyers, and law enforcement officials, that would make it difficult for you to be a fair and impartial juror in this case?  If yes, please describe.

**III. Attitude towards the Charged Offenses and Evidence**

14.   This case involves tax charges.  Do any of you have any feelings or opinions about the Internal Revenue Service that would affect your ability to be fair and impartial to either the government or Mr. Layfield?

15.   Have you, or anyone close to you, had a bad experience with the Internal Revenue Service?  If yes:

a.   Please describe.

b.   Would this experience affect your ability to be a fair and impartial juror?

16.   Do any of you believe that the income tax laws of the United States are unconstitutional or that it is wrong for the government to impose income taxes?

3

17.   Do any of you disagree with the idea that everyone is obligated to obey the income tax laws, as well as all other laws of this country?

18.   Do any of you feel that violations of income tax laws should not be prosecuted as crimes by the United States?

19.   Do any of you have any training or experience in accounting and/or tax law?  If yes, please describe?

**IV.   Attitude towards Punishment and Sympathy**

20.   The potential punishment for the offenses charged in the indictment is a matter that should never be considered by the jury in any way in arriving at a verdict as to the guilt or innocence of the defendant.  Will you be able to conduct your duties as a juror in this case without speculating about or being influenced in any way by whatever punishment may or may not be imposed in this case?

21.   There are some people who, for moral, ethical, religious, or other personal reasons, may find it difficult or uncomfortable to pass judgment on the conduct of others.  Do you hold such beliefs or might you be affected by such beliefs?

22.   Regardless of your personal feelings about any issue that may arise in this case, will you follow the law as the Court gives it to you during this case?

**V.   Jury Deliberations and the Court's Instructions**

23.   If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors.  Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

4

24.   Knowing what you now know about this case, do you have any reservation about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

25.   Is there anything in your background or life experiences that you think we should know in connection with you being considered to serve as a juror in this case?   If yes, please explain.