UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **CR 18-124 MWF** | Date: August 6, 2021 |

Present: The Honorable: **MICHAEL W. FITZGERALD, United States District Judge**

Interpreter: Not Applicable

| Rita Sanchez | Not Reported | Mark Aveis/Ian Y. Yanniello<br>Carolyn Small |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| **Philip James Layfield** | Not | | XX | Anthony M. Solis<br>Steven A. Brody | Not | | XX |

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTION IN LIMINE TO PRECLUDE EVIDENCE AND IMPROPER ARGUMENT RE REFERRAL FEES [260]**

Before the Court is Defendant Philip Layfield's Motion in Limine to Preclude Evidence and Improper Argument re Referral Fees (the "Motion"), filed June 28, 2021. (Docket No. 260). On July 5, 2021, the government filed an Opposition. (Docket No. 263). On July 12, 2021, Defendant filed a Reply. (Docket No. 267).

The Court has read and considered the papers filed in connection with the Motion and held a video hearing by Zoom on July 19, 2021.

For the reasons discussed below, the Motion is **DENIED**.

Defendant seeks to preclude the government from arguing or introducing evidence suggesting the existence of certain referral fees described in the First Superseding Indictment ("FSI"), asserting that these fees were extinguished as a matter of law pursuant to *Olsen v. Harbison*, 191 Cal. App. 4th 325, 119 Cal. Rptr. 3d 460 (2010). (Motion at 2). The government contends that the Motion is a disguised motion for reconsideration of the Court's prior Order denying Defendant's motion to dismiss on the same ground. (*See* Order re: Motion to Dismiss Counts Sixteen and Seventeen of the First Superseding Indictment (the "Prior Order") (Docket No. 187)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The Court disagrees with the government; the Prior Order expressly left open the possibility of the defense re-raising the *Olsen* issue in a motion in limine.  (*See* Prior Order at 2).  Nonetheless, the Motion fails on the merits for two reasons:

**First**, it is far from clear that *Olsen* applies here.

*Olsen* holds that, "[s]o long as the discharged attorney's services were rendered to the ***client*** and not to co-counsel, co-counsel owes nothing in quantum meruit to the discharged attorney."  Tuft et. al., *California Practice Guide:  Professional Responsibility*, Ch. 5-K, sec. 5:1043.4a, Fee Recovery/Enforcing Fee Agreements (Dec. 2020) (citing *Olsen*, 191 Cal. App. 4th at 464-66) (emphasis in original).  Arguably, the discharged attorney rendered services to Defendant's firm by way of referring the Pineda clients, meaning that Defendant's firm could potentially be liable to the discharged attorney in quantum meruit, regardless of the newly executed retainer agreements.

Further, even if the California Supreme Court were to adopt the approach in *Olsen*, this Court is skeptical that it would extend *Olsen* to sanction Defendant's conduct here — directing the client to execute a new retainer agreement with a legally different but functionally identical entity for the sole purpose of extinguishing the referral attorney's right to collect fees.  The *Olsen* court determined that the discharged attorney might be entitled to quantum meruit from the client because it was the ***client*** who had done the firing.  If instead the remaining attorney had fired the discharged attorney to avoid sharing fees, it would make little sense to leave the client holding the bag, particularly if the client had not understood the potential legal consequences of consenting to the firing.

In sum, given the distinguishable circumstances here, the Court is unwilling to rule as a matter of law that the referral fees were extinguished pursuant to *Olsen*.

***Second***, even if *Olsen* does apply and the referral fees were extinguished as a matter of law, it does not necessarily follow that Defendant's application to the lender was truthful.  A reasonable jury could find that Defendant nonetheless created a misleading impression in his application by omitting all mention of the extinguished referral fees.

At the hearing, the defense argued that, because it was legal for Defendant to extinguish the referral fees to obtain the loan, the lender had no right to know about the no-longer-operative referral fees, and Defendant had no obligation to disclose them.  According to Defendant, the extinguished referral fees were not material to the application because they

would not have affected the lender's ability to get repaid; payment of the fees was purely optional.

The defense's point is well-taken. Nonetheless, even if Defendant had been right, and payment of the referral fees was optional as a matter of law, Defendant's decision to execute a new retainer agreement to extinguish the fees may have subjected Defendant's firm to a litigation risk that the lender would have wanted to know about before approving the loan. That is, if the referring attorneys had decided to sue Defendant over the referral fees, the lender's ability to get repaid *would* have been potentially affected, even if Defendant ultimately prevailed in that litigation. Arguably, then, the extinguished referral fees subjected the lender to a greater risk than if referral fees had never existed in the first place; however, this risk was not disclosed to the lender in the application. It will be for the jury to decide whether the application created enough of a misleading impression to render Defendant's omissions fraudulent.

Of course, if he can do so truthfully, Defendant is free to testify that he ***believed*** in good faith that the referral fee agreements had been extinguished because of *Olsen*. This belief could negate any putative fraudulent intent in filling out the application. But the Court will not usurp the role of the jury by preventing the government from pursuing its theory of fraud with respect to the application. Both parties are free to argue their respective positions to the jury regarding whether the referral fees had been extinguished or not, and perhaps more importantly, whether Defendant honestly believed that they had been extinguished.

Finally, for the reasons explained above, the referral fee evidence is not improperly impugning Defendant's character, as the defense contends. (*See* Motion at 6). The government is not using the referral fees merely to show that Defendant is a bad person, or a shady lawyer. Rather, the evidence bears directly on the issue of whether Defendant intentionally took steps to conceal arguably material information from the lender in applying for the loan. To the extent that the evidence is prejudicial, it is not unduly so. Therefore, any objections based on Rule 404(b) or Rule 403 are **OVERRULED**.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.