

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 6 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

United States District Court

Central District of California

| | | |
|---|---|---|
| United States of America, | ) | Case No. 18-cr-124(A)-MWF |
| | ) | |
| Plaintiff | ) | **JURY INSTRUCTIONS** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Philip James Layfield, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

1

# COURT'S INSTRUCTION NO. 2

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

The government is not required to prove every allegation in the indictment, but must prove beyond a reasonable doubt each element of the crimes charged, as set forth later in these instructions.

**COURT'S INSTRUCTION NO. 3**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 4

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

## COURT'S INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

8

1   to believe anything that witness said.  On the other hand, if you
2   think the witness testified untruthfully about some things but told
3   the truth about others, you may accept the part you think is true
4   and ignore the rest.

5       The weight of the evidence as to a fact does not necessarily
6   depend on the number of witnesses who testify.  What is important is
7   how believable the witnesses were, and how much weight you think
8   their testimony deserves.

COURT'S INSTRUCTION NO. 9


You have heard testimony from Jean Pugh, Samantha Kittle, and Jeffrey Bussell who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

**COURT'S INSTRUCTION NO. 10**


Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

11

1                          COURT'S INSTRUCTION NO. 11

2

3    Lawyers' Ethical Duties Under California Law

4              During the relevant time period, California law imposed

5    the following duties on lawyers licensed to practice in California,

6    including the defendant:

7         1.   A lawyer owed a fiduciary duty to his clients.  A lawyer's

8    fiduciary duty to his clients included the duty to protect the

9    information and property of his clients, and to keep such

10   information or property safe so it was not lost or misused.

11        2.   A lawyer owed a duty of loyalty to his clients.  A lawyer

12   could not act in a manner that would materially disadvantage his

13   clients.  A lawyer also could not subrogate his duty of loyalty to

14   one client in favor of his own interests or the interests of other

15   clients or third parties.

16        3.   A lawyer owed a duty of honesty and fair dealing to his

17   clients.  A lawyer had a duty to keep clients informed of

18   significant developments in the matter in which the lawyer was

19   representing the clients.  To ensure that a client could make an

20   informed decision, a lawyer was required to provide his clients with

21   true and accurate information.  A lawyer could not withhold material

22   information from or mislead his clients.

23        Additionally, under California law, a lawyer was required to

24   enter into written contracts with his clients setting forth the

25   scope of the representations, as well as any arrangements regarding

26   the payment of attorneys' fees and costs.

27

28                                    12

1    You should keep in mind that proof that the defendant violated

2    one or more of the duties he owed his legal clients under California

3    law does not necessarily mean that the defendant is guilty of the

4    charged offenses.  You may, however, consider whether the defendant

5    violated the duties he owed his clients under California law when

6    evaluating whether the government has proven the elements of wire

7    and mail fraud, including whether the defendant engaged in a scheme

8    to defraud, whether the statements made or facts omitted as part of

9    the scheme were material, whether the defendant acted with the

10   intent to defraud, and whether the defendant had a duty to disclose

11   an omitted fact arising out of a relationship of trust.

12   <u>Attorney-Client Trust Accounts</u>

13   At all times relevant to the charges in this case, the

14   California Rules of Professional Conduct contained specific rules

15   governing a lawyer's receipt of client funds and the use of

16   attorney-client trust accounts.  An "attorney-client trust account"

17   was a bank account that lawyers were required to use to maintain

18   client funds.  The purpose of an attorney-client trust account was

19   to protect the funds of a lawyer's clients.  An Interest on Lawyers'

20   Trust Accounts (or "IOLTA") was a type of attorney-client trust

21   account in which any interest accrued would go to a fund operated by

22   the State Bar of California.  The California Rules of Professional

23   Conduct, however, did not distinguish between standard attorney-

24   client trust accounts and IOLTA accounts.  Under California law, a

25   bank or financial institution which is a depository for an attorney-

26   client trust account must report to the California State Bar any

27

28                                    13

1  instance in which a client-trust account is overdrawn or has

2  insufficient funds to cover a check written from the account.

3      The following rules applied to a lawyer's financial

4  relationship with his clients and the use of attorney-client trust

5  accounts, including IOLTA accounts:

6      1.   A lawyer was required to deposit into an attorney-client

7  trust account any money received or held for the benefit of a

8  client, including settlement proceeds and advances for costs and

9  expenses.

10     2.   A lawyer was required to promptly notify his clients of

11 the receipt of a client's settlement funds and the amount of funds

12 received.

13     3.   A lawyer was required to maintain records of all funds

14 held or received on behalf of his clients and maintained in an

15 attorney-client trust account.

16     4.   A lawyer was required to provide to his clients an

17 accounting of any funds the lawyer or his law firm held or received

18 on behalf of their clients, as well as any fees, costs, or other

19 expenses deducted from the payments made to or on behalf the

20 clients.

21     5.   A lawyer was required to promptly pay to his clients any

22 funds the lawyer or his law firm received on the clients' behalf and

23 to which the client was entitled.

24     6.   A lawyer was required to obtain authorization from his

25 clients before distributing or withdrawing any funds held or

26 received on behalf of the clients from an attorney-client trust

27 account.

28                              14

1      7.   A lawyer could not withdraw from an attorney-client trust

2 account additional amounts beyond those amounts to which his clients

3 agreed could be withdrawn.

4      8.   Funds belonging to an attorney or a law firm were not

5 allowed to be deposited into an attorney-client trust account.

6 Commingling attorney funds with client funds was prohibited, unless

7 one of the following two exceptions applied:

8           a.   Funds reasonably sufficient to pay bank charges; or

9           b.   In the case of funds belonging in part to a client

10 and in part presently or potentially to the attorney or law firm,

11 the portion belonging to the lawyer or law firm must be withdrawn at

12 the earliest reasonable time after the attorney's interest in that

13 portion becomes fixed.

14      9.   To the extent there was a dispute regarding the payment of

15 any client funds maintained in an attorney-client trust account, a

16 lawyer was required to maintain the disputed amounts in the

17 attorney-client trust account until such dispute was resolved.

18 You should keep in mind that proof that the defendant failed to

19 comply with the rules governing a lawyer's receipt of client funds

20 and/or the use of attorney-client trust accounts does not

21 necessarily mean that the defendant is guilty of the charged

22 offenses.  You may, however, consider whether the defendant failed

23 to comply with the rules governing the receipt of client funds and

24 use of attorney-client trust accounts when evaluating whether the

25 government has proven the elements of the offense, including whether

26 the defendant engaged in a scheme to defraud, whether the statements

27 made or facts omitted as part of the scheme were material, whether

28                                  15

the defendant acted with the intent to defraud, and whether the
defendant had a duty to disclose an omitted fact arising out of a
relationship of trust.

1

2

**COURT'S INSTRUCTION NO. 12**

3    The indictment charges that the offenses alleged were committed
4  "on or about" certain dates.
5    Although it is necessary for the government to prove beyond a
6  reasonable doubt that the offenses were committed on dates
7  reasonably near the dates alleged in the indictment, it is not
8  necessary for the government to prove that the offenses were
9  committed precisely on the dates charged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 13

The defendant is charged in counts one through nineteen of the indictment with wire fraud, in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

"Knowingly" is defined in the Court's Instruction Number 15.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.  A defendant's actions can constitute a scheme to defraud even if there are no

18

specific false statements involved.  The concept of fraud includes the act of embezzlement, which is the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A "fiduciary" duty exists whenever one person places special trust and confidence in another person --- the fiduciary --- in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the person, such that the person relaxes the care and vigilance that he or she would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other person based on such reliance.

In regard to loan applications, the actions or reliance of a specific lender is not relevant to the element of materiality.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in

nature.   Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

COURT'S INSTRUCTION NO. 14

The defendant is charged in count twenty-three of the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

"Knowingly" is defined in the Court's Instruction Number 15.

As with wire fraud, in determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.  A defendant's actions can constitute a scheme to defraud

21

1   even if there are no specific false statements involved.

2        To convict defendant of mail fraud based on omissions of

3   material facts, you must find that defendant had a duty to disclose

4   the omitted facts arising out of a relationship of trust. That duty

5   can arise either out of a formal fiduciary relationship, or an

6   informal, trusting relationship in which one party acts for the

7   benefit of another and induces the trusting party to relax the care

8   and vigilance which it would ordinarily exercise.

9        A mailing is caused when one knows that the mails will be used

10  in the ordinary course of business or when one can reasonably

11  foresee such use. It does not matter whether the material mailed was

12  itself false or deceptive so long as the mail was used as a part of

13  the scheme, nor does it matter whether the scheme or plan was

14  successful or that any money or property was obtained.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                22

**COURT'S INSTRUCTION NO. 15**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**COURT'S INSTRUCTION NO. 16**

You may determine whether the defendant had an honest, good faith belief in the truth of any alleged misrepresentations in determining whether or not the defendant acted with intent to defraud.  However, the defendant's belief that a victim of a fraud would be paid in the future or would sustain no economic loss is no defense in itself to the crimes of wire fraud or mail fraud.

24

## COURT'S INSTRUCTION NO. 17

The defendant is charged in Count 26 of the First Superseding Indictment with attempting to evade or defeat the assessment of income tax, in violation of Section 7201 of Title 26 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed federal income tax for the 2016 calendar year;

Second, the defendant knew that he owed federal income tax for the 2016 calendar year;

Third, the defendant made an affirmative attempt to evade or defeat such tax; and

Fourth, in attempting to evade or defeat such tax, the defendant acted willfully.

"Willfully" is defined in the Court's Instruction Number 21.

Although the government must prove a willful attempt to evade the assessment of income tax, the government is not required to prove the precise amount of tax due and owing. However, the government must prove beyond a reasonable doubt that some tax was due and owing.

25

1

**COURT'S INSTRUCTION NO. 18**

2

3     Funds or property from unlawful sources such as embezzlement or

4 fraud may constitute taxable income.

5     In determining whether the defendant received taxable income,

6 there is no difference between income derived from lawful or

7 unlawful sources.  Funds or property received from unlawful or

8 illegal sources are treated in the same manner as funds or property

9 from lawful or legal sources.

10     It is up to you to decide whether the defendant received income

11 from embezzlement or fraud.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 19

The defendant is charged in Count 27 of the First Superseding Indictment with failure to collect, truthfully account for, and pay over payroll taxes for his former law firm, Layfield & Barrett, for the second quarter of the 2017 calendar year.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Layfield & Barrett was an employer that paid wages to its employees;

Second, the defendant was a "responsible person" -- that is, an official of Layfield & Barrett who had responsibility for its decisions regarding the withholding from its employees' wages of Medicare, social security, and federal income taxes, the accounting for such taxes, and the payment of such taxes over to the Internal Revenue Service;

Third, the defendant caused Layfield & Barrett not to collect, account truthfully for, and pay over such taxes for the second quarter of the 2017 calendar year; and

Fourth, the defendant's conduct in causing Layfield & Barrett not to collect, truthfully account for, and pay over such taxes was willful.

The term "employee" includes any officer of a corporation.  The term "employment" means any service, of whatever nature, performed by an employee for the person employing him.  "Person" includes a corporation.

"Willful" is defined in the Court's Instruction Number 21.

27

**COURT'S INSTRUCTION NO. 20**


The defendant is charged in Count 28 of the First Superseding Indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file a return for the calendar year ending December 31, 2016;

Second, the defendant failed to file an income tax return by October 16, 2017, as required by Title 26 of the United States Code; and

Third, in failing to do so, the defendant acted willfully.

"Willfully" is defined in the Court's Instruction Number 21.

**COURT'S INSTRUCTION NO. 21**


In order to prove that the defendant acted "willfully," or that his conduct was "willful," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

COURT'S INSTRUCTION NO. 22

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

1   attitudes, or preferences that people may consciously reject but may

2   be expressed without conscious awareness, control, or intention.

3       It is your duty as jurors to consult with one another and to

4   deliberate with one another with a view towards reaching an

5   agreement if you can do so.  During your deliberations, you should

6   not hesitate to reexamine your own views and change your opinion if

7   you become persuaded that it is wrong.

31

COURT'S INSTRUCTION NO. 23

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an

1  opportunity to address.  A juror who violates these restrictions

2  jeopardizes the fairness of these proceedings.  If any juror is

3  exposed to any outside information, please notify me immediately.

## COURT'S INSTRUCTION NO. 24

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**COURT'S INSTRUCTION NO. 25**

The punishment provided by law for this crime is for me to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**COURT'S INSTRUCTION NO. 26**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**COURT'S INSTRUCTION NO. 27**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.