UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.   **CR 18-124 MWF**                                             Date: February 16, 2022

Present: The Honorable:   MICHAEL W. FITZGERALD, United States District Judge

Interpreter   Not Applicable

| Rita Sanchez | Not Reported | Mark Aveis, Carolyn S. Small and Ian Yanniello |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Philip J. LAYFIELD | Not | XX |  | Anthony M. Solis and Steven A. Brody | Not |  | XX |

**Proceedings:   (IN CHAMBERS) ORDER RE:  SENTENCING HEARING**

The Court has reviewed the following documents:

1. Declaration of Matthew Zawol, Document Excerpts, and Letters in Support of Government's Sentencing Position, filed under seal on February 4, 2022 (Docket No. 352);
2. Defendant Philip Layfield's Objection to Government Submission of Non-Victim Impact Letters; Motion to Preclude Evidence Offered by the Government (Defendant's Objection to Non-Victim Letters"), filed publicly on February 7, 2022 (Docket No. 356);
3. Letter from Christine Layfield, with its attachment (the "C. Layfield Letter").
4. Defendant Philip Layfield's Objection to Additional Non-Victim Impact Letter; Motion to Preclude Evidence ("Defendant's Objection to the C. Layfield Letter"), filed under seal on February 15, 2022 (Docket No. 362); and
5. Government's Response to Defendant's Objection to Additional "Non-Victim" Impact Letter and Opposition to Motion to Preclude Evidence (the "Response"), filed under seal on February 15, 2022 (Docket No. 363).

The purpose of this Order is to rule on the objections that have been filed to the sentencing letters, and generally to discuss the conduct of the sentencing hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Defendant's Objection to Non-Victim Letters is **OVERRULED** and the motion to strike is **DENIED**.  Defendant's Objection to the C. Layfield Letter is **OVERRULED in part and SUSTAINED *in part***; styled as a motion to preclude, it is **DENIED *in part*** and **GRANTED *in part.*** These rulings are based on the following:

*First*, the Court agrees with the legal reasoning that the government advances in support of Mrs. Layfield's letter, and that reasoning applies to the other non-victim letters as well. (Response at 4-7).  The non-victim letters are not barred from consideration at a sentencing hearing, where the Federal Rules of Evidence do not strictly apply.  Moreover, the purposes of these letters, in large part, is not to prove a particular "fact" without testimony in court.  Rather, their purpose is to provide this Court with insights into Defendant's character.  Mrs. Layfield aside, the letter writers would not be subject to much cross-examination even if they testified.  The Court agrees that a non-victim would not be allowed to address the Court, but the government isn't seeking that.

*Second*, the use of this type of letter for this purpose is universal in federal sentencings.  In virtually all sentencings, defendants submit letters from their family, friends, business associates, etc., to paint the picture that they aren't all bad.  Indeed, Defendant here did the same, including not only his own statement to the Court, which like the victims he has a legal right to do, but also letters from his family and others.  The purpose of these letters is not to prove a particular evidentiary fact, but rather to illustrate good traits in Defendant when the trial evidence cast him in an extremely unsavory light.

What's different here is that it's the government, not a defendant, who is submitting these letters.  That is indeed unusual, but it cannot be improper unless Defendant – and all other defendants – are likewise doing something improper.

*Third,* the unsolicited letter from Mrs. Layfield will be considered for these same reasons.  However, here her letter is also being offered for a true evidentiary purpose, which is that Defendant violated his release conditions by running a trucking business that owes money to other truckers.  But there is other evidence of this fact:  Defendant's own email.  Mrs. Layfield's letter is corroborative of something that is otherwise proven, and therefore should not be stricken on that basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The Court, however, does agree with the defense that the marital privilege applies to the small amount of the letter in which Mrs. Layfield directly recounts statements by Defendant. The Court disagrees with the government that privileges should only be respected if the Federal Rules of Evidence apply in full.  In addition, the Court is unwilling to find that the crime-fraud exception applies without an evidentiary hearing.  To that limited extent, Defendant's objection is **SUSTAINED** and his motion is **GRANTED**.  On the other hand, the Court disagrees with the defense that the letter is suffused with privileged information and therefore should not be considered at all.

The tail is beginning to wag the dog.  The statements of the victims and Defendant are what matter here, along with the evidence of the nature of the scheme.  Let's turn to how the sentencing hearing will proceed:

I. RESTITUTION:  Do the parties agree that a later hearing should be scheduled?

II. READING OF THE CONDITIONS OF SUPERVISED RELEASE

III. DETERMINATION OF THE ADVISORY RANGE UNDER THE SENTENCING GUIDELINES

   A. Defendant's Objections

   1. Loss calculation.

The Court agrees with the defense that, by its terms, Application 3(F)(iv) does not apply because the scheme here was not an investment scheme.  The parties should so present their arguments.  This issue will not affect the calculation of the advisory range.

   2. The adjustment for criminal activity outside the United States.
   3. The number of victims.
   4. The lack of an adjustment for acceptance of responsibility.
   5. No adjustment under § 2T1 (doesn't affect the advisory range).
   6. Tax loss incorrect (doesn't affect the advisory range).
   7. Any factual corrections not included in the Revised PSR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

    B.  Government objection to the lack of an upward adjustment for vulnerable victims.

IV.  USE OF DEFENDANT'S CONDUCT DURING RELEASE AS A BASIS FOR AN UPWARD ADJUSTMENT

V.  VICTIM STATEMENTS

VI.  ARGUMENTS ON THE LENGTH OF THE SENTENCE

VII.  DEFENDANT'S ALLOCUTION

VIII.  SENTENCING

IX.  ADVISEMENT OF RIGHT TO APPEAL

X.  RECOMMENDATION FOR DESIGNATION

**IT IS SO ORDERED.**